MITCHELL IRON & LAND COMPANY, Respondent, vs. FLAMBEAU LAND COMPANY and others, Appellants.

*February 2—February 23, 1904.*

*Quieting title: Pleading: Sufficiency of allegation: Demurrer: Anticipated defenses.*

1. Under the provisions of sec. 3186, Stats. 1898, that it shall be sufficient in actions to quiet title to real estate to aver in the complaint the nature and extent of plaintiff's estate in such land, describing it as accurately as may be, that he is in possession thereof, or that the land is vacant and unoccupied, and that the defendant makes some claim thereto—a complaint alleging, in substance, that plaintiff is the owner in fee simple of the lands described, and that defendant makes claims thereto which are clouds upon that title, satisfies the calls of the statute, and is not open to the criticism that its allegations constitute mere conclusions of law.

2. In such case, however, if the complaint in addition to the allegations called for by the statute, proceeds to allege other facts as to defendant's title, which from want of further allegation, are not shown to be invalid or ineffectual, the complaint shows affirmatively that plaintiff has no cause of action and is demurrable.

3. Under sec. 1176, Stats. 1898 (providing that a tax deed executed and acknowledged as required by law shall vest in the grantee an absolute estate in fee simple; and that such deed shall be presumptive evidence of the regularity of all prior proceedings), a complaint in an action to quiet title, which, after formal allegations sufficient to satisfy the calls of sec. 3186, Stats. 1898, alleges that defendants have received from the county clerk certain tax deeds, but makes no assertion as to their invalidity, must be read as asserting that the instruments, under which defendants claim, were executed, and contain the declarations and recitals required by law, which establish *prima facie* the regularity of all proceedings, conveying absolute title, and hence that the complaint shows upon its face that plaintiff is not entitled to the relief demanded.

4. In such case, an assertion in the complaint that the tax deeds are clouds upon plaintiffs' title, is *held* not inconsistent with their entire validity.

APPEAL from an order of the circuit court for Sawyer county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Appeal from order overruling a general demurrer to the complaint. That pleading alleges first that the plaintiff owns in fee simple, through mesne conveyances from the government, certain real estate; that the defendants make some claim thereto, to wit, that the defendant *Flambeau Land Company* has received from the county clerk certain tax deeds, and has caused the same to be recorded in the register's office, to wit, one dated and recorded in May, 1899, and others dated in May, 1901, and that it claims under other alleged tax deeds; also that the *Chippewa Farm Land Company* claims by a deed from the *Flambeau Land Company,* and that the latter also claims under a mortgage from the former; and that the defendant *Bailey* claims by virtue of certain tax certificates for the year 1899; that the claims of

said defendants constitute and are clouds upon the title of the plaintiff. Judgment is demanded establishing plaintiff's title against the claim of any or all of the defendants; that they be barred from having any claim or right to the lands, and they be adjudged to release to plaintiff all their claims to the land.

*D. Buchanan, Jr.,* for the appellants.

*T. H. Bushnell,* for the respondent.

DODGE, J. Appellants' first criticism of the complaint is that the general allegations that plaintiff is the owner in fee simple of the lands described, and that defendants make claims thereto which are clouds upon that title, constitute mere conclusions of law, and are not allegations of any facts, within the requirements of sec. 2646, Stats. 1898. That suggestion has support from some earlier cases. *Wals v. Grosvenor,* 31 Wis. 681; *Page v. Kennan,* 38 Wis. 320. Its efficiency is, however, wholly overcome by the statutory amendment now embodied in sec. 3186, Stats. 1898, which declares:

"It shall be sufficient to aver in the complaint in such action the nature and extent of the plaintiff's estate in such land, describing it as accurately as may be, that he is in possession thereof or that said land is vacant and unoccupied, and that the defendant makes some claim thereto."

The allegations criticised, if they stood alone, would satisfy the calls of this statute, and be sufficient. The more serious difficulty is that plaintiff, while doubtless alleging all that the statute requires, has not been content to stop there, but has proceeded to allege other facts, which, it is claimed, show affirmatively that it has no cause of action. If this be so, of course, the demurrer should have been sustained. It would be absurd to put a defendant to the trouble of answering, and the court to the burden of hearing, a case, when, upon the showing of the complaint, no judgment save dismissal thereof can be rendered. Such possibility is repudi-

ated by all the authorities. *Teetshorn v. Hull,* 30 Wis. 162; *Kellam v. Toms,* 38 Wis. 592, 602; *Lawrence v. Janesville,* 46 Wis. 364, 1 N. W. 338, 50 N. W. 1102; *Hoth v. Peters,* 55 Wis. 405, 412, 13 N. W. 219; *State v. Egerer,* 55 Wis. 529, 13 N. W. 461; *Crumbly v. Bardon,* 70 Wis. 385, 39 N. W. 19; *State v. Cilizens' Ins. Co.* 71 Wis. 411, 37 N. W. 348. While a complaint need not negative defenses, it will be demurrable if it assert facts showing a complete and valid one to exist.

The allegations relied on to thus show an affirmative defense are that defendants have received from the county clerk certain tax deeds and certain tax certificates. Are such allegations so effective? If such deeds are valid, they certainly do cut off all plaintiff's government title, and confer title on defendants, which plaintiff cannot have barred or released. Sec. 1176, Stats. 1898, provides that a tax deed executed and acknowledged as required by law shall vest in the grantee absolute estate in fee simple; also that it shall be presumptive evidence of the regularity of all the prior proceedings. See, also, *Gates v. Parmly,* 93 Wis. 294, 312, 66 N. W. 253, 67 N. W. 739. The complaint makes no assertion whatever as to the terms or validity of the conveyances received by defendants, except that they were "tax deeds." To be such, they must have been more than blank paper. The county clerk has no authority to deliver them until they have been executed in the name of the state and of his county, under his hand and the seal of the county, and acknowledged by him. How, then, can we escape the conclusion that they are not tax deeds, until so executed, containing the declarations and recitals required by law? It seems to us that we cannot, but that we must read this complaint as asserting that the instruments under which the defendants claim were so executed. As a result, of course, they establish *prima facie* the regularity of all prior proceedings, and convey absolute title. If they are claimed by plaintiff

Ashland v. Whitcomb, 120 Wis. 549.

to be in any way invalid or ineffectual, nothing was easier than for him to so declare, but he has industriously refrained from so doing. The assertion that they are clouds upon his government title is not inconsistent with their entire validity. Being valid, they are only so much more effective as clouds that they obscure and blot out entirely the former title. We come to the conclusion, therefore, that the complaint shows upon its face that plaintiff is not entitled to the relief demanded against the defendants.

*By the Court.*—Order appealed from is reversed, and cause remanded with directions to sustain the demurrer.