Preston, Appellant, vs. Thayer and others, Respondents.

*January 11—January 30, 1906.*

*Tax titles: Tax deeds: Evidence: Admissibility: Presumptions: Statutes of limitation: Suspension.*

1. Under sec. 1176, Stats. 1898 (providing that a tax deed duly witnessed and acknowledged shall be presumptive evidence of the regularity of all the proceedings, from the valuation of the land by the assessor up to and including the execution of the deed), a tax deed is admissible in evidence without proof in detail of the consecutive steps required to be taken by the taxing officers, although such consecutive steps are fully pleaded, where there is nothing in the allegations of the pleading which tends to destroy or impair the presumptive evidence of such tax deeds by virtue of such statute.

2. Tax deeds on vacant and unoccupied lands were severally recorded between February 1, 1898, and May 31, 1898, and the grantee (one of the present defendants) on October 5, 1899, commenced actions thereon under sec. 1197, Stats. 1898, to bar the original owner (the present plaintiff), which actions, after answer setting up irregularities fatal to the tax deeds, were discontinued September 21, 1903. On September 23, 1903, the present action of ejectment was commenced to accomplish what was sought to be accomplished by the defense in each of the other actions. *Held,* under sec. 4249, Stats. 1898 (providing, as to a defense, that the time of the commencement of the plaintiff's action shall be deemed the time when the claim for relief as to such defense is interposed), and sec. 4250 (providing that, when a defendant in an action has interposed an answer as a defense upon which he would be entitled to rely in such action, the remedy upon which at the time of the commencement of such action was not barred by law, and the complaint is dismissed or the action is discontinued, the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action by the defendant to recover for the cause of action so interposed as a defense), that the three-year statute of limitation (sec. 1188, Stats. 1898) had not run against plaintiff, and therefore evidence showing the invalidity of such tax deeds was admissible.

Appeal from a judgment of the circuit court for Ashland county: John K. Parish, Circuit Judge. *Reversed.*

This is an action of ejectment commenced September 23, 1903, by the plaintiff, claiming title to the lands described by mesne conveyances from the government, against the defendants, who claim title under tax deeds. It is conceded that the plaintiff's title is good unless it has been divested by one or more of the tax deeds. It is undisputed that the seven tax deeds under which the defendants claim title were each and all issued to the defendant *Minnie A. Thayer,* and were recorded on and between February 1, 1898, and May 31, 1898, inclusive. It is conceded that six of the tax deeds were regular upon their face and that the lands described in each of said deeds were vacant and unoccupied at the times of recording such deeds, respectively, and remained so vacant and unoccupied continuously for more than three years thereafter and for more than three years prior to the commencement of this action. October 5, 1899, *Minnie A. Thayer,* the grantee in each of said deeds, commenced seven actions, each against this plaintiff, *William D. Preston,* and wife, who were then nonresidents of this state, and others, to bar them from all right, title, interest, or claim in or to the lands covered by said tax deeds, respectively, or any part thereof, and for the costs and disbursements of the action. Orders for the service of the summons by publication in each of said seven actions were obtained October 5, 1899, and such service on *Preston* and wife and others by publication was completed January 2, 1900. April 21, 1900, *Mrs. Thayer's* attorney made affidavit of default of *Preston* and wife and other defendants in each of those seven actions, and May 5, 1900, judgment by default was taken in each of those actions, and May 19, 1900, each of those seven judgments was recorded. April 28, 1903, *Preston* and wife, as defendants in each of those actions, served a proposed verified answer therein on *Mrs. Thayer's* attorney in each of those actions and upon orders to show cause why each of said seven judgments should not be set aside as to the defendants *Preston* and wife therein, and why

said Prestons should not be permitted to serve their answer in each of said actions; and upon the hearing of said applications the court on May 4, 1903, by virtue of the authority given by sec. 2833, Stats. 1898, ordered in each of said actions that such default judgment be set aside, and the same was thereby set aside, as to the said *William D. Preston* and wife, upon the payment of $10 solicitor's fees and of the actual disbursements which *Mrs. Thayer,* the plaintiff therein, had incurred in taking such judgment, and that the said *Preston* and wife be permitted to file their answer in each of said seven actions, which was done; and such orders were fully complied with by *Mr.* and Mrs. Preston. September 21,. 1903, *Mrs. Thayer* gave notice to *Mr.* and Mrs. Preston in each of said seven actions that the same were respectively discontinued as to *Mr.* and Mrs. Preston, and she thereby offered to pay the costs as soon as taxed, and on the same day judgment of such discontinuance in each of said actions was duly entered. Two days after such discontinuance *Mr. Preston* commenced this action of ejectment. *Mrs. Thayer* and the other defendants answered, and claimed title by virtue of and under said seven tax deeds, and also alleged, in effect,. that the several steps in the tax proceedings upon which such tax deeds were respectively issued were regular and according to the statutes in such case made and provided. On the trial the seven tax deeds were admitted in evidence against the objections of the plaintiff, on the ground that under the allegations of the answer the burden was on the defendants to prove that the tax proceedings upon which said deeds respectively were issued were regular and valid before the deeds were admissible in evidence. Thereupon the plaintiff offered to prove that such proceedings upon which each of such tax deeds was respectively issued were irregular and not authorized by the statutes; but such offers were all excluded on the ground that the plaintiff was barred from making such proof by the three-year statute of limitation. At the close of the trial.

the court found, in effect, that the seven tax deeds were respectively valid upon their face, and that the plaintiff's cause of action as to all the lands in question was barred by the statutes of limitation, and hence that the defendants were the owners of the lands described in fee simple and were entitled to judgment in this action dismissing the complaint and for their costs and disbursements herein, and ordered judgment accordingly. From the judgment so entered the plaintiff appeals.

Upon the trial it was admitted, in effect, that if any one of the six tax deeds so conceded to be valid upon their face was not protected by the three-year statute of limitation, then the evidence so offered by the plaintiff was admissible as to each of such tax deeds, and that the same would in that event be invalid; and "it was agreed by counsel for the respective parties that if, under the pleadings and evidence, the tax deed hereinbefore set out is valid, each of the remaining six tax deeds is likewise valid, but that if, under the pleadings and evidence, the tax deed so set out is invalid, each of said remaining six tax deeds is likewise invalid and void. In other words, it was agreed that, according as the tax deed hereinbefore set out stands or falls, the remaining six tax deeds should stand or fall."

For the appellant there were briefs by *J. W. Hicks* and *Lamoreux & Shea,* and oral argument by *Mr. Hicks* and *Mr. W. F. Shea.*

For the respondents there was a brief by *Sanborn, Lamoreux & Pray,* and oral argument by *Allan T. Pray.*

CASSODAY, C. J.    The statute provides that a tax "deed duly witnessed and acknowledged shall be presumptive evidence of the regularity of all the proceedings, from the valuation of the land by the assessor up to and including the execution of the deed, and may be recorded with the like effect as other conveyances of land." Sec. 1176, Stats. 1898; *Mitchell I. & L. Co. v. Flambeau L. Co.* 120 Wis. 545, 548, 98 N. W.

530. Nevertheless counsel for the plaintiff contend that the court improperly admitted such tax deeds in evidence for the reason that the answer alleged, in reference to each of said tax deeds, that the lands therein described were subject to taxation and duly assessed for taxation and that the taxes were duly levied thereon, setting out in detail the consecutive acts required to be performed by the taxing officers from the valuation of the land up to and including the issuing of the tax certificates on which the tax deeds were based, but that the defendants failed to prove the facts so alleged and hence that the tax deeds were inadmissible in evidence. There is nothing in those allegations which tends to destroy or impair the "presumptive evidence" of such tax deeds by virtue of the statute quoted. In the case relied upon by counsel the plaintiff introduced a sheriff's deed on execution sale, which under the statute was *prima facie* evidence of title in the person named as grantee therein. Thereupon he introduced in evidence the judgment and the docket thereof, the execution issued thereon and its delivery to the sheriff, and its return to the proper clerk about three months afterwards; but no return of the sheriff was indorsed thereon, nor anything to indicate his doings upon or in respect to such execution, and there was a failure to show any publication of notice of sale, and so it was held that the recitals in the sheriff's deed were insufficient to supply such defects. *Claflin v. Robinhorst,* 40 Wis. 482. The case differs materially from the one at bar. As stated by a standard text-writer, "a presumption cannot contradict facts or overcome facts proved." Lawson, Presumptive Evidence, 659, rule 119. Certainly a party having a presumption in his favor may himself prove that such presumption is without foundation.

The more important question in this case is whether the plaintiff, as such former owner, is barred from maintaining this action because it was not "brought within three years next after the recording of such deeds," as prescribed in sec. 1188, Stats. 1898. It is conceded, in effect, that if the three-

year limitation had not run and the seven tax deeds are open to attack, then that they must be declared void. The case, therefore, turns upon whether the three-year statute of limitation had or had not run when this action was commenced. The plaintiff contends that the running of that statute was stopped and held in abeyance for more than four years by the pendency of the actions brought by *Mrs. Thayer* against this plaintiff and his wife and others, under sec. 1197, Stats. 1898, to bar them from all right, title, interest, and claim in said lands, or any part thereof, and in which actions the plaintiff and his wife, *Mr.* and Mrs. Preston, interposed an answer and defense, as mentioned in the foregoing statement. In support of such contention counsel for the plaintiff rely upon the section of the statute which declares that:

"The periods of limitation, unless otherwise specially prescribed by law, must be computed from the time of the accruing of the right to relief by action, special proceedings, defense or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party as a plaintiff or defendant in the particular action or special proceeding, except *that as to a defense,* setoff or counterclaim *the time of the commencement of the plaintiff's action shall be deemed the time when the claim for relief as to such defense,* setoff or counterclaim *is interposed."* Sec. 4249, Stats. 1898.

And also the section which declares that:

*"When a defendant in an action has interposed an answer as a defense,* setoff or counterclaim *upon which he would be entitled to rely in such action the remedy upon which, at the time of the commencement of such action, was not barred by law, and such complaint is dismissed or the action is discontinued the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action by the defendant to recover for the cause of action so interposed as a defense,* setoff or counterclaim." Sec. 4250, Stats. 1898.

Counsel for the defendants contend that neither of these sections is applicable. But, as we read these sections, the case presented comes squarely within the provisions of both sections. *Mrs. Thayer* commenced her seven actions under sec. 1197, Stats. 1898, to bar the original owners, October 5, 1899. The only service on *Preston* and wife and others, nonresident owners, was by publication, which was completed January 2, 1900. Judgment by default was taken. *Preston* and wife interposed a defense by verified answer, and the court set aside each of the judgments as to them, and they were allowed to defend under the provision of the statute giving such right. Sec. 2833, Stats. 1898. September 21, 1903, *Mrs. Thayer* discontinued her seven actions, and judgments were entered accordingly. Two days afterwards *Mr. Preston* commenced this action, to accomplish what he sought to accomplish by the defense in each of the other actions, but in which he was defeated by the discontinuance of those actions. The exception contained in sec. 4249 is to the effect "that as to a defense . . . the time of the commencement of the plaintiff's action shall be deemed the time when the claim for relief as to such defense . . . is interposed." In other words, *Preston* and wife must be deemed to have interposed their defense in each of the seven actions at the time they were respectively commenced, October 5, 1899. At that time the remedy which *Mr.* and Mrs. Preston sought to obtain in such seven actions, and which *Mr. Preston* here seeks to obtain, was not barred by the statute of limitation. Sec. 1188. And so the section last quoted declares, in effect, that "when a defendant in an action has interposed an answer as a defense, . . . upon which he would be entitled to rely," as *Mr.* and Mrs. Preston did in each of the seven actions mentioned, and the complaint in such action "is dismissed or the action is discontinued the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action

by the defendant to recover for the cause of action so inter-posed as a defense." Sec. 4250. That is to say, the time from October 5, 1899, when *Mrs. Thayer* commenced her seven actions, to September 21, 1903, when she discontinued those actions, is not to be deemed a part of the time limited for *Mr. Preston* to commence this action to recover for the cause of action so interposed as a defense in each of the seven actions. We must hold that the three-year statute of limita-tion (sec. 1188) had not run against the plaintiff, as such original owner, when this action was commenced, and hence that the evidence offered by the plaintiff showing the in-validity of each of several tax deeds was admissible and shows that each of said tax deeds is void. Under the stipulation mentioned in the foregoing statement it is unnecessary to con-sider any other question.

*By the Court.*—The judgment of the circuit court is re-versed, and the cause is remanded with direction to enter judgment in favor of the plaintiff and against the defendants as indicated in this opinion.