Debra Donaldson, Plaintiff-Respondent,†

Blue Cross Blue Shield of Wisconsin,
Involuntary-Plaintiff,

v.

West Bend Mutual Insurance Company, Defendant,

William M. Berg, Defendant-Appellant.

Court of Appeals

*No. 2008AP2289. Oral argument May 28, 2009.
—Decided August 4, 2009.*

2009 WI App 134

(Also reported in 773 N.W.2d 470.)

† Petition to Review denied 12/14/09. Bradley and Roggensack, JJ., dissent.

244

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Catherine A. La Fleur* of *La Fleur Law Office, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Ellen L. Spahr* of *Emile Banks & Associates, LLC* of Milwaukee.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. KESSLER, J. William M. Berg appeals from an order dismissing his counterclaim against Debra Donaldson. At issue is whether Berg's counterclaim, which was filed more than three years after the incident that caused his personal injuries, was barred by the statute of limitations found in Wis. Stat. § 893.54 (2007–08).[1] We conclude that § 893.54 is the applicable statute of limitations, but that the statute of limitations was tolled pursuant to Wis. Stat. § 893.14 when Donaldson filed her personal injury action arising out of the same incident. Because of the tolling, Berg's counterclaim was timely filed. Therefore, we reverse the order dismissing Berg's counterclaim and remand for further proceedings.

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

## BACKGROUND

¶ 2. On October 3, 2004, Donaldson was a spectator at the Milwaukee Lakefront Marathon. Berg, who was riding a bike, collided with Donaldson, who was on foot. Both were injured.

¶ 3. On September 27, 2007, Donaldson filed a lawsuit against Berg and his insurance company, West Bend Mutual Insurance Company, alleging that Berg's negligence caused Donaldson's injuries.[2] On November 6, 2007, an attorney hired to defend the lawsuit on behalf of West Bend and Berg filed an answer and affirmative defenses.

¶ 4. Berg retained different counsel to pursue a counterclaim against Donaldson based on Donaldson's alleged negligence in causing Berg's injuries. Berg filed that counterclaim against Donaldson on December 14, 2007. Donaldson and her insurance company retained new counsel to defend that counterclaim. Donaldson's answer to the counterclaim asserted, among other defenses, that Berg's claim was barred by the statute of limitations applicable to personal injury claims, WIS. STAT. § 893.54. Donaldson subsequently moved for summary judgment on that basis.

¶ 5. The trial court granted summary judgment, concluding that the applicable statute of limitations had not been tolled by the filing of Donaldson's lawsuit.[3] This appeal follows.

---

[2] Blue Cross Blue Shield of Wisconsin was named an involuntary plaintiff. That entity is not involved in the appeal and will not be mentioned further.

In addition, the complaint sought compensatory damages for Donaldson's husband based on loss of his wife's society, companionship and consortium. That claim is not at issue and will not be discussed.

[3] Subsequent to the entry of the order dismissing Berg's

## DISCUSSION

¶ 6. At issue is whether Berg's claim against Donaldson was barred. Berg presents three reasons why his claim should not be barred: (1) the three-year statute of limitations on personal injury actions, WIS. STAT. § 893.54, does not apply to counterclaims; (2) Berg's claim was timely because the tolling provisions of WIS. STAT. § 893.13 apply; and (3) Berg's claim was timely because the tolling provisions of WIS. STAT. § 893.14 apply. We conclude that the three-year statute of limitations does apply to personal injury actions, whether they are raised in a complaint or counterclaim. Further, we conclude that under the facts presented, the statute of limitations was tolled by § 893.14 and, therefore, Berg's claim was not barred. We reverse and remand for further proceedings. Because we conclude that § 893.14 tolled the statute of limitations, we do not consider the potential applicability of the tolling provisions of § 893.13. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("cases should be decided on the narrowest possible ground").

## I. Legal standards.

██ █

¶ 7. "A motion to dismiss based on the statute of limitations is treated as a motion for summary judgment." *Dakin v. Marciniak*, 2005 WI App 67, ¶ 4, 280 Wis. 2d 491, 695 N.W.2d 867 (citing WIS. STAT. § 802.06(2)(b)). We review motions for summary judg-

---

counterclaim, Donaldson settled her claims against Berg and his insurer and Blue Cross Blue Shield. Thus, the only issue on appeal is whether Berg's counterclaim should have been dismissed.

ment independently, applying the same methodology as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816 (1987). "Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Da kin*, 280 Wis. 2d 491, ¶ 4 (citing Wis. Stat. § 802.08(2)).

¶ 8. Here, there are no disputed facts with respect to the dates of filing and the only issues presented are questions of law that we review independently: whether the statute of limitations in Wis. Stat. § 893.54 and the tolling provisions in Wis. Stat. § 893.14 apply. *See Colby v. Columbia County*, 202 Wis. 2d 342, 349, 550 N.W.2d 124 (1996) (statutory interpretation presents a question of law this court reviews *de novo*). In *Landis v. Physicians Insurance Co. of Wisconsin, Inc.*, 2001 WI 86, 245 Wis. 2d 1, 628 N.W.2d 893, our supreme court summarized the applicable legal standards for statutory interpretation:

> Statutory interpretation presents a question of law that [the Wisconsin Supreme Court] reviews de novo, benefiting from the analyses of the circuit court and the court of appeals.
>
> The purpose of statutory interpretation is to discern the intent of the legislature. To determine this intent, we look first to the plain language of the statute. If the language of the statute clearly and unambiguously sets forth the legislative intent, it is our duty to apply that intent to the case at hand and not look beyond the statutory language to ascertain its meaning.
>
> If the language of the statute is ambiguous and does not clearly set forth the legislative intent, the court will resort to judicial construction. We ascertain legislative intent through judicial construction in relation to a number of extrinsic factors, including the

249

legislative object intended to be accomplished, and the statute's scope, history, context, and subject matter. A statute is ambiguous if it is capable of being understood by a reasonably well-informed person in either of two senses. Depending on the facts of a case, the same statute may be ambiguous in one setting and unambiguous in another.

In addition, although "it is true that statutory interpretation begins with the language of the statute, it is also well established that courts must not look at a single, isolated sentence or portion of a sentence, but at the role of the relevant language in the entire statute." Moreover, in interpreting a statute, courts must attempt to give effect to every word of a statute, so as not to render any portion of the statute superfluous.

*Id.*, ¶¶ 13–16 (citations omitted). With these standards in mind, we consider Berg's arguments.

## II. Application of WIS. STAT. § 893.54 to Berg's counterclaim.

¶ 9. Berg argues that his counterclaim for damages to his person is not subject to the statute of limitations found in WIS. STAT. § 893.54, which provides in relevant part: **"Injury to the person.** The following actions shall be commenced within 3 years or be barred: **(1)** An action to recover damages for injuries to the person." Berg offers no controlling case law[4] in

---

[4] The parties spend considerable time discussing the applicability of *Strassman v. Muranyi*, 225 Wis. 2d 784, 594 N.W.2d 398 (Ct. App. 1999), where we addressed whether the statute of limitations in personal injury actions found in WIS. STAT. § 893.54 applied to the plaintiff's claim against a third-party defendant, which was brought pursuant to WIS. STAT.

support of his interpretation of the statute, but argues that the absence of a reference to "counterclaims" in § 893.54 means the statute applies only to actions brought by plaintiffs. We reject Berg's reasoning, based on our interpretation of the relevant statutes.

¶ 10. While it is true that WIS. STAT. § 893.54 references only "actions" and not counterclaims, WIS. STAT. § 893.14 provides the link between §§ 893.14 and 893.54. Section 893.14 provides:

> **Limitation on use of a right of action as a defense or counterclaim.** Unless otherwise specifically prescribed by law, *the period within which a cause of action may be used as a defense or counterclaim* is computed from the time of the accrual of the cause of action until the time that the plaintiff commences the action in which the defense or counterclaim is made. A law limiting the time for commencement of an action is tolled by the assertion of the defense or the commencement of the counterclaim until final disposition of the defense or counterclaim. If a period of limitation is tolled under this section and the time remaining after final disposition in which an action may be commenced is less than 30 days, the period within which the action may be commenced is extended to 30 days from the date of final disposition.

(Emphasis added.) Pursuant to this statute, a cause of action can be used as a counterclaim. If counterclaims

---

§ 803.05(1). *See Strassman*, 225 Wis. 2d at 788. We rejected the plaintiff's argument that the lack of a reference to a statute of limitations in § 803.05(1) meant she was free to file a claim against a third party at any time. *See Strassman*, 225 Wis. 2d at 790–91. We do not consider *Strassman* to be controlling on either of the issues we address in this appeal because *Strassman's* conclusion is based on the application of § 803.05(1), rather than WIS. STAT. § 893.14, a statute that specifically addresses the application of statutes of limitation to counterclaims. For this reason, we do not further discuss *Strassman*.

were not subject to a statute of limitations, then the last two sentences of § 893.14 would be rendered superfluous, which is a statutory interpretation we are required to avoid. *See Landis*, 245 Wis. 2d 1, ¶ 16 ("courts must attempt to give effect to every word of a statute, so as not to render any portion of the statute superfluous"). Therefore, we conclude that when "[an] action to recover damages for injuries to the person," *see* § 893.54, is commenced as a counterclaim pursuant to § 893.14, the statute of limitations established by § 893.54 applies.

¶ 11. For these reasons, we conclude that the three-year statute of limitations found in WIS. STAT. § 893.54 applies to Berg's counterclaim. The next issue is application of the statute of limitations in the context of WIS. STAT. § 893.14.

## III. Application of WIS. STAT. § 893.14 to Berg's counterclaim.

■

¶ 12. WISCONSIN STAT. § 893.14 affects Berg's counterclaim in several ways. As noted above, the first full sentence of § 893.14 provides:

> Unless otherwise specifically prescribed by law, the period within which a cause of action may be used as a defense or counterclaim is computed from the time of the accrual of the cause of action until the time that the plaintiff commences the action in which the defense or counterclaim is made.

The effect of this sentence is to toll the statute of limitations on defenses and counterclaims as of the date the plaintiff files his or her action, *"[u]nless otherwise specifically prescribed by law." See id.* (emphasis added).

Donaldson argues that Berg's counterclaim is "specifically prescribed by law," namely, WIS. STAT. § 893.54. We disagree.

¶ 13. The phrase "[u]nless otherwise specifically prescribed by law" is not defined in WIS. STAT. ch. 893. Donaldson argues that the three-year statute of limitations found in WIS. STAT. § 893.54 is a law that *specifically prescribes* personal injury actions brought by counterclaim more than three years after the action accrued. Under Donaldson's interpretation of WIS. STAT. § 893.14, the purpose of the first full sentence of that statute—tolling the statute of limitations—is to retroactively set the tolling date for counterclaims for personal injury as of the date a plaintiff's action is filed, but *only* in those cases where the defendant's counterclaim is filed within three years of the date the personal injury action began to accrue. Once the tolling takes effect, the statute of limitations on the defendant's counterclaim remains tolled until the final disposition of the counterclaim. *See id.* (second full sentence). If the defendant for any reason wants to reassert the dismissed counterclaim, the defendant has at least 30 days after the final disposition of its counterclaim to commence an action. *See id.* (third full sentence).

¶ 14. In contrast, Berg argues that the phrase "[u]nless otherwise specifically prescribed by law" serves as a barrier to counterclaims that were already outside the applicable statute of limitations when the plaintiff filed his or her action. Thus, Berg explains, if he had wanted to counterclaim for an intentional tort that is subject to a two-year statute of limitations, that counterclaim would be barred because the filing of Donaldson's action could not revive an already stale counterclaim.

253

¶ 15. Both parties have offered reasonable interpretations of the phrase "[u]nless otherwise specifically prescribed by law." Because that statutory language "is capable of being understood by reasonably well-informed persons in two or more senses," it is ambiguous. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 47, 271 Wis. 2d 633, 681 N.W.2d 110. Thus, we "may examine external sources such as legislative history to determine the statute's meaning." *Sands v. Whitnall Sch. Dist.*, 2008 WI 89, ¶ 15, 312 Wis. 2d 1, 754 N.W.2d 439.

### A. Legislative history.

¶ 16. We begin with the legislative history. As early as 1849, the Wisconsin Statutes reflected a policy decision that defendants should be able to limit their exposure for damages by raising counterclaims, and that the plaintiff's date of filing would be considered the date of filing of the counterclaim. *See, e.g.*, WIS. STAT. ch. 127 § 21 (1849).[5] In 1878, the legislature enacted WIS. STAT. ch. 177, §§ 4249, 4250 (1878), which provided:

> SECTION 4249. The periods of limitation, unless otherwise specially prescribed by law, must be computed from the time of the accruing of the right to relief by action, special proceedings, defense, or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party as a plaintiff or defendant in the particular action or special proceed-

---

[5] WISCONSIN STAT. ch. 127 § 21 (1849) provided:

All the provisions of this chapter shall apply to the case of any debt on contract, alleged by way of set-off on the part of a defendant; and the time of limitation of such debt shall be computed in like manner as if an action had been commenced therefor, at the time when the plaintiff's action was commenced.

ing, except that as to a defense, setoff, or counterclaim, the time of the commencement of the plaintiff's action shall be deemed the time when the claim for relief, as to such defense, setoff or counterclaim is interposed.

SECTION 4250. When a defendant in an action has interposed an answer, as a defense, setoff or counterclaim upon which he would be entitled to rely in such action, the remedy upon which, at the time of the commencement of such action, was not barred by law, and such complaint is dismissed, or the action is discontinued, the time which intervened between the commencement and the termination of such action, shall not be deemed a part of the time limited for the commencement of an action by the defendant, to recover for the cause of action so interposed as a defense, setoff, or counterclaim.

¶ 17. These two statutes remained essentially the same for over 100 years, although they were renumbered in 1925 (becoming WIS. STAT. §§ 330.48 and 330.49) and 1965 (becoming WIS. STAT. §§ 893.48 and 893.49).[6] Then, in 1980, the legislature repealed and recreated WIS. STAT. ch. 893. *See* 1979 Wis. Laws, ch. 363. The newly created WIS. STAT. § 893.14, which has remained the same since its creation in 1980, incorporated parts of both WIS. STAT. §§ 893.48 and 893.49 (1977–78). The Judicial Council Committee noted one substantive change: the statute of limitations on defenses and counterclaims would now be tolled only until final disposition of the defense or counterclaim, rather than until final disposition of the plaintiff's action. *See* Judicial Council Committee Note, 1979, WIS. STAT. § 893.14. Thus, with the exception of changing the time

---

[6] Throughout those years, there were some minor changes to the statutes, such as the addition or deletion of commas and hyphens.

255

that the tolling of the statute of limitations ends—from the termination of the plaintiff's action to the disposition of the defense or counterclaim—the intent of the statute remained the same. For this reason, case law interpreting the previous statutes is instructive.

## B. Case law.

¶ 18. We have identified only one case that specifically addressed the statutory tolling provisions for counterclaims outlined in the statutes that preceded WIS. STAT. § 893.14. In 1906, the Wisconsin Supreme Court decided *Preston v. Thayer*, 127 Wis. 123, 106 N.W. 672 (1906). In Preston, the court applied WIS. STAT. §§ 4249 and 4250 (1898)[7] to a complicated set of facts

---

[7] WISCONSIN STAT. §§ 4249 and 4250 (1898) were almost identical to the 1878 version. The 1878 version added titles, removed commas and inserted hyphens in the words "set-off" and "counter-claim." Sections 4249 and 4250 (1898) provided:

> **Computation of time, basis for.** SECTION 4249. The periods of limitation, unless otherwise specially prescribed by law, must be computed from the time of the accruing of the right to relief by action, special proceedings, defense or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party as a plaintiff or defendant in the particular action or special proceeding, except that as to a defense, set-off, or counter-claim the time of the commencement of the plaintiff's action shall be deemed the time when the claim for relief as to such defense, set-off or counter-claim is interposed.

> **Dismissal of suit after answer.** SECTION 4250. When a defendant in an action has interposed an answer as a defense, set-off or counter-claim upon which he would be entitled to rely in such action the remedy upon which, at the time of the commencement of such action, was not barred by law, and such complaint is dismissed or the action is discontinued the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action by the defendant to recover for the cause of action so interposed as a defense, set-off or counter-claim.

that bears discussion because it interprets language that is similar to the language of § 893.14.

¶ 19. During a period of time between February 1, 1898 and May 31, 1898, Minnie A. Thayer recorded tax deeds for seven properties. *Preston*, 127 Wis. at 124. On October 5, 1899, Thayer commenced seven actions against William D. Preston and his wife (collectively, Preston), to bar them from all rights and interest in the lands covered by the tax deeds. *Id.* Preston was served by publication on January 2, 1900. *Id.* On May 5, 1900, a default judgment was granted against Preston in each of the actions. *Id.*

¶ 20. Nearly three years later, on April 28, 1903, Preston served a proposed answer in each action and sought to set aside the default judgments. *Id.* at 124–25. On May 4, 1903, the circuit court set aside the default judgments and Preston was permitted to file an answer in each action. *Id.* at 125. On September 21, 1903, Thayer discontinued her actions against Preston. *Id.* at 129. Two days later, Preston filed suit against Thayer "to accomplish what he sought to accomplish by the defense in each of the other actions, but in which he was defeated by the discontinuance of those actions." *Id.* Preston's action was dismissed by the circuit court after it found that Preston's action was barred by the three-year statute of limitations found in Wis. Stat. § 1188 (1898), which required the action to be brought within three years " 'after the recording of such deeds.' " *Preston*, 127 Wis. at 127–28 (quoting § 1188 (1898)).

¶ 21. On appeal, the Wisconsin Supreme Court held that Preston's action was not time-barred, because the statute of limitations was tolled from the date Thayer commenced her actions (October 5, 1899) through the date she discontinued her actions (Septem-

257

ber 21, 1903). *See id.* at 130. The tolling was based on both Wis. Stat. §§ 4249 and 4250 (1898). *Preston* explained:

> The exception contained in sec. 4249 is to the effect "that as to a defense . . . the time of the commencement of the plaintiff's action shall be deemed the time when the claim for relief as to such defense . . . is interposed." In other words, Preston and [his] wife must be deemed to have interposed their defense in each of the seven actions at the time they were respectively commenced, October 5, 1899. At that time the remedy . . . which Mr. Preston here seeks to obtain, was not barred by the statute of limitation. Sec. 1188. And so the section last quoted declares, in effect, that "when a defendant in an action has interposed an answer as a defense . . . upon which he would be entitled to rely," as Mr. and Mrs. Preston did in each of the seven actions mentioned, and the complaint in such action "is dismissed or the action is discontinued the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action by the defendant to recover for the cause of action so interposed as a defense." Sec. 4250. That is to say, the time from October 5, 1899, when Mrs. Thayer commenced her seven actions, to September 21, 1903, when she discontinued those actions, is not to be deemed a part of the time limited for Mr. Preston to commence this action to recover for the cause of action so interposed as a defense in each of the seven actions. We must hold that the three-year statute of limitation (sec. 1188) had not run against the plaintiff, as such original owner, when this action was commenced . . . .

*Preston*, 127 Wis. at 129–30 (third and fifth sets of ellipses supplied; italics omitted).

¶ 22. Like the counterclaims originally filed by Preston in response to Thayer's lawsuits, Berg's coun-

258

terclaims were filed more than three years after the statute of limitations began to run.[8] Thus, the issue presented here is the same as in *Preston*: Was the statute of limitations tolled by the filing of the plaintiff's lawsuit? We conclude that it was, based on WIS. STAT. § 893.14.

¶ 23. As noted, WIS. STAT. § 893.14 provides that:

[u]nless otherwise specifically prescribed by law, the period within which a cause of action may be used as a defense or counterclaim is computed from the time of the accrual of the cause of action until the time that the plaintiff commences the action in which the defense or counterclaim is made.

This language is similar to WIS. STAT. § 4249 (1898), which provided that with respect to the periods of limitation for defenses, setoffs or counterclaims, "the time of the commencement of the plaintiff's action shall be deemed the time when the claim for relief as to such defense, set-off or counter-claim is interposed." Further, the phrase "[u]nless otherwise specifically prescribed by

---

[8] In a post-oral argument letter brief concerning *Preston v. Thayer*, 127 Wis. 123, 106 N.W. 672 (1906), Donaldson attempted to distinguish *Preston* on grounds that at the time Preston filed his answers, the statute of limitations on his claims had not run. Donaldson is mistaken. The statute of limitations on Preston's claims began to run when each of the deeds was recorded, which occurred between February 1, 1898, and May 31, 1898. *Id.*, 127 Wis. at 124, 127–28. Preston did not file his answer until April 28, 1903, *see id.* at 124, which was more than three years later. Thus, the issue before the *Preston* court was whether the running of the statute of limitations, which the court identified as WIS. STAT. § 1197 (1898), "was stopped and held in abeyance for more than four years by the pendency of the actions brought by Mrs. Thayer." *Preston*, 127 Wis. at 128 (italics omitted).

law" found in § 893.14 is the same as the phrase used in § 4249, except that § 893.14 uses the word "specifically," while § 4249 used the word "specially." The *Preston* court did not conclude that Preston's counterclaim was time-barred based on the "unless otherwise specially prescribed" language, even though Preston did not file his counterclaim until more than three years had passed. Likewise, we conclude that the phrase "[u]nless otherwise specifically prescribed by law" found in § 893.14 does not bar Berg's counterclaim.

¶ 24. Our review of the legislative history of WIS. STAT. § 893.14 and *Preston* leads us to conclude that the tolling of the statute of limitation on Berg's counterclaim began on the date Donaldson filed her action. Further, we reject Donaldson's argument that the phrase "unless otherwise specifically prescribed by law" bars Berg's claim. That phrase was not used as a basis to bar the counterclaim in *Preston* and we do not use it as a basis to bar Berg's claim in this case. We conclude that the phrase "unless otherwise specifically prescribed by law" found in § 893.14 applies to counterclaims that were already barred at the time the plaintiff filed his or her claim; such claims are not resurrected by the plaintiff's filing. *See id.*

## C. Other commentary.

¶ 25. *Preston*'s interpretation of WIS. STAT. §§ 4249, 4250 (1878) and our interpretation of the successor to those statutes, WIS. STAT. § 893.14, is consistent with the approach many states have taken when analyzing this issue. The following A.L.R. annotation from 1972 provides a national overview of the application of statutes of limitation to counterclaims:

260

## § 1. Introduction

### [a] Scope

This annotation collects the cases which discuss the question whether, after a tort action has been commenced, a tort claim of another party, usually the defendant, arising out of the same accident or incident, may be pleaded as the subject of setoff, counterclaim, cross bill, cross action, or similar pleading, notwithstanding such pleading is filed at a time, calculated from the accident or incident, longer than the period of the statute of limitations applicable to the particular type of tort action. Stated differently, the annotation deals with the question whether the commencement of a tort cause of action tolls the running of the statute of limitations with respect to setoff, counterclaim, cross bill, cross action, or similar pleading, sounding in tort and arising out of the same occurrence.

. . . .

## § 2. General comment

### [a] Summary

The courts appear to be divided on the issue presented by this annotation . . . . *Generally, where the matter is governed or affected by statute, the thrust of the statute appears to be in favor of tolling the running of the statute of limitations as to a defendant's claims. Apparently one of the objections to permitting the statute of limitations to run on defendant's claims after the plaintiff has filed his complaint is that plaintiffs with weak claims may be encouraged to wait until the last few days for filing the action, thus effectively barring defendant's counterclaims.*

Allan E. Korpela, Annotation, *Tort claim against which period of statute of limitations has run as subject of setoff, counterclaim, cross bill, or cross action in tort*

*action arising out of same accident or incident,* 72 A.L.R.3d 1065, 1066–67 (1972) (emphasis added and footnotes omitted); *see also* Annotation, *Commencement of action as suspending running of limitation against claim which is subject of setoff, counterclaim, or recoupment,* 127 A.L.R. 909, 910, 913 (1940) (citing *Preston* as a case representing the majority view "that unless otherwise provided by statute, if a counterclaim or setoff is not barred at the commencement of the action in which it is pleaded, it does not become so afterward during the pendency of that action").

¶ 26. Our interpretation of Wis. Stat. § 893.14 is also consistent with commentary on Rule 13 of the Federal Rules of Civil Procedure, the federal rule that addresses compulsory and permissive counterclaims.[9] One treatise recognized that one cannot revive counterclaims that were already time-barred when the plaintiff commenced an action, but noted that many states allow a defendant to file a counterclaim that was not time-barred on the date the plaintiff commenced the action. The treatise explains:

> The courts have not clearly resolved the question whether plaintiff, by instituting his action, tolls or even waives the defense of the statute of limitations with regard to a compulsory counterclaim that is asserted after the applicable period has expired. If the statute is deemed tolled, defendant may interpose his counterclaim as long as the claim was timely when plaintiff brought suit. Thus, if plaintiff institutes his action one day before the applicable statute of limitations has run on defendant's counterclaim, then defendant, although he would not be able to interpose his claim in the form

[9] "When a state statute mirrors federal law, we may look to federal cases for guidance in interpreting the state statute." *Strassman,* 225 Wis. 2d at 790.

262

of a counterclaim before the end of the limitations period, will be permitted to assert his claim, if it is compulsory, within the time provided by Rule 12(a) for serving a responsive pleading.

*Of course, if defendant's claim already is barred when plaintiff brings suit, the notion of tolling the statute is inapplicable and the fact that the tardily asserted claim is a compulsory counterclaim does not serve to revive defendant's right to assert it.* On the other hand, if the court holds that plaintiff has waived the defense of limitations regarding a compulsory counterclaim by bringing his action, then the fact that the statute ran on defendant's counterclaim before plaintiff commenced suit is immaterial and defendant can interpose the counterclaim and survive a limitations defense.

. . . .

*Although there is some conflict on the subject, the majority view appears to be that the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim.* This approach precludes plaintiff, when the claim and counterclaim are measured by the same period, from delaying the institution of the action until the statute has almost run on defendant's counterclaim so that it would be barred by the time defendant advanced it.

Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1419 (2009) pertaining to Rule 13 of the Federal Rules of Civil Procedure (emphasis added, footnotes omitted).

## CONCLUSION

¶ 27. For the foregoing reasons, we conclude that Berg's counterclaim was not barred by the applicable

three-year statute of limitations because the statute of limitations was tolled as of the date Donaldson filed her action. *See* WIS. STAT. § 893.14. Accordingly, we reverse and remand for further proceedings on Berg's counterclaim.

*By the Court.*—Order reversed and cause remanded for further proceedings.