Donald STRASSMAN, and Wisconsin Electrical Employees' Benefit Funds, Plaintiffs,

Diane STRASSMAN, Plaintiff-Appellant,

v.

Robert J. MURANYI, and Travelers Insurance Company, Defendants-Third-Party Plaintiffs,

v.

Donald STRASSMAN, Third-Party Defendant,

GENERAL CASUALTY COMPANY OF WISCONSIN, Third-Party Defendant-Respondent.

Court of Appeals

*No. 98–3039. Submitted on briefs January 18, 1999.—Decided March 18, 1999.*

(Also reported in 594 N.W.2d 398.)

785

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Michael Riley* and *Alexander Kammer* of *Atterbury, Riley & Luebke, S.C.* of Madison.

On behalf of the third-party-defendant-respondent, the cause was submitted on the brief of *Ward I. Richter* of *Bell, Gierhart & Moore, S.C.* of Madison.

Before Dykman, P.J., Eich and Roggensack, JJ.

DYKMAN, P.J.   Diane Strassman appeals from an order dismissing her negligence claim against General Casualty Company of Wisconsin. Strassman contends that although her claim against General Casualty was filed after the three-year statute of limitations had expired, it was still timely because it was based upon the same transaction or occurrence that gave rise to Muranyi's (third-party plaintiff) timely claim against General Casualty. We disagree and affirm.

## BACKGROUND

On August 12, 1994, Diane Strassman and her husband, Donald, were playing golf at Monona Municipal Golf Course when she fell out of a golf cart and was injured. On May 1, 1995, the Strassmans, along with Diane's health insurer, Wisconsin Electrical Employee's Benefit Funds (hereinafter Diane), filed a

786

negligence action against Robert Muranyi, the golf pro who rented the cart to the Strassmans, and his insurer, Traveler's Insurance Company (hereinafter Muranyi). She asserted in her complaint that, despite Donald's operating the cart in a usual and customary manner, the cart lurched forward, causing her to fall out of the cart and sustain various injuries. On July 24, 1996, Muranyi filed an amended third-party claim against Donald and his insurer, General Casualty Company of Wisconsin, asserting that Diane's injuries were caused by Donald's negligent driving.

On October 31, 1997, Diane asserted a cause of action against General Casualty in which she alleged that Donald's negligent driving was partially responsible for her injuries. General Casualty filed its answer on May 26, 1998, asserting that Diane's claim was time barred under the applicable statute of limitations. It later moved for summary judgment on the same grounds. On August 11, 1998, the trial court granted General Casualty's motion. Diane appeals.

### STANDARD OF REVIEW

We review a grant or denial of summary judgment de novo, using the methodology set out in § 802.08(2), STATS. *See M & I First Nat'l Bank v. Episcopal Homes Management, Inc.*, 195 Wis. 2d 485, 496, 536 N.W.2d 175, 182 (Ct. App. 1995). That methodology is well known, and we need not repeat it here except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.* at 496–97, 536 N.W.2d at 182. In a case such as this, where there are no disputed issues of material fact, we need only determine whether the moving party is enti-

tled to judgment as a matter of law. *See generally Larson v. Zilz*, 151 Wis. 2d 637, 640, 445 N.W.2d 699, 701 (Ct. App. 1989).

## DISCUSSION

■

Section 893.54(1), STATS., requires that all personal injury suits be brought within three years of the date of injury or the date that the victim discovers (or should discover) that he or she has been injured. *See also Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 411, 388 N.W.2d 140, 146 (1986). "The purpose of § 893.54(1), STATS., like all statutes of limitations, is to ensure prompt litigation of valid claims and to protect the defendant from fake or fraudulent claims brought after evidence has been lost and memories [have] faded." *Lord v. Hubbell, Inc.*, 210 Wis. 2d 150, 164, 563 N.W.2d 913, 919 (Ct. App.), *rev. denied*, 215 Wis. 2d 422, 576 N.W.2d 279 (1997).

Diane was injured on August 12, 1994, and was aware of her injuries as of that date. She however did not bring her claim against General Casualty until October 31, 1997. The issue is whether she still may assert a claim against General Casualty under § 803.05(1), STATS., even though the statute of limitations has expired, because Muranyi filed a similar claim against General Casualty within the statutory period.[1] This presents a question of statutory interpretation that we review de novo. *See Hughes v. Chrysler*

---

[1] Diane's claim against General Casualty is not an amendment to her original claim against Muranyi, under § 802.09, STATS. Her claim also is not a cross-claim under § 802.07(3), STATS., because General Casualty is not a "co-party." The term "co-party" is not defined in the Wisconsin Statutes or in our case law, but it has been interpreted in those cases arising under

*Motors Corp.*, 197 Wis. 2d 973, 978, 542 N.W.2d 148, 149 (1996).

■ The purpose of statutory interpretation is to discern legislative intent. *See Lincoln Sav. Bank, S.A. v. DOR*, 215 Wis. 2d 430, 441, 573 N.W.2d 522, 527 (1998). We first consider the language of the statute. *See id.* If that language is clear and unambiguous, we apply the statutory language to the facts of the case. *See id.* If a statute is ambiguous, we look to the statute's scope, history, context, subject matter and object in order to ascertain legislative intent. *See State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506, 510 (1997). A statute is ambiguous when it is capable of being understood in two or more different senses by reasonably well-informed persons. *See id.*

Section 803.05(1), STATS., reads in pertinent part as follows:

> The plaintiff may assert any claim against the third-party defendant if the claim is based upon the same transaction, occurrence or series of transactions or occurrences as is the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert defenses as

FED. R. CIV. P. 13(g), the federal counterpart to § 802.07(3). Therefore, we will look to federal case law for guidance.

Federal courts have defined a co-party, as either a party having like status, such as co-defendants, *see Murray v. Haverferd Hosp. Corp.*, 278 F. Supp. 5, 6 (E.D. Pa. 1968), or as any party that is not an adverse or opposing party, *see Georgia Ports Auth. v. Construzioni Meccaniche Industriali Genovesi, S.P.A.*, 119 F.R.D. 693, 695 (S.D. Ga. 1988). General Casualty is a defendant and Diane is a plaintiff, and their interests are clearly adverse. Consequently, because they are not co-parties, her claim cannot be a cross-claim.

provided in s. 802.06 and counterclaims and cross-claims as provided in s. 802.07.

This statute is silent as to whether the three-year statute of limitations applies to claims raised under § 803.05, STATS. Diane argues that because § 803.05 does not contain a statute of limitations, a claim may be brought under this statute at any time, as long as one party raises the same claim within the statutory period and all the parties have adequate notice of the claim. General Casualty disagrees. It contends that while § 803.05(1) does not give a time limit for filing a claim, this does not mean that the three-year statute of limitations was inapplicable.

When the statute is silent, and there is no Wisconsin case law that addresses the issue, we look to other sources for guidance. The language we have quoted from § 803.05(1), STATS., is nearly identical to its federal counterpart, FED. R. CIV. P. 14(a). When a state statute mirrors federal law, we may look to federal cases for guidance in interpreting the state statute. *See State v. Gudenschwager*, 191 Wis. 2d 431, 439, 529 N.W.2d 225, 228 (1995).

The pertinent language in FED. R. CIV. P. 14(a) reads as follows:

> The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert defenses as provided in Rule 12 and any counterclaims and cross-claims as provided in Rule 13.

This language has been interpreted to mean the following:

790

The fact that the third party has been brought into the action does not revive any claims the original plaintiff may have had against him that should have been asserted earlier but have become unenforceable. Thus, any claim existing between plaintiff and the third-party defendant is subject to the applicable statute of limitations; the statute is neither tolled nor waived upon the third-party defendant's entry into the action but continues to run until plaintiff actually asserts a claim against him, or, if the time period runs before the action is commenced, serves as a bar to the claim.

6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1459, at 451 (2d ed. 1990) (footnote omitted); *see also Northbrook Nat'l Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643, 645 (E.D.N.Y. 1996); *Dysart v. Marriorr Corp.*, 103 F.R.D. 15, 18 (E.D. Pa. 1984); *see generally Frankel v. Back*, 37 F.R.D. 545, 547 (E.D. Pa. 1965) (filing of third-party complaint by original defendant does not toll statute of limitations on action between plaintiff and third-party defendant); *Hankinson v. Pennsylvania R.R. Co.*, 160 F. Supp. 709, 710 (E.D. Pa. 1958) (plaintiff who files an untimely claim against a third-party defendant is not helped by the fact that defendant/third-party plaintiff's claim against the third-party defendant was timely).[2]

---

[2] Diane argues that this approach overlooks the fundamental philosophy that Wisconsin courts have adopted regarding the purpose of pleadings. She cites several cases in which Wisconsin courts have held that the purpose of pleadings is to notify the opposing party of the pleader's position in the case and to help frame the issues for the litigants and the court, and that Wisconsin has rejected the approach that pleading is a game of skill in which one misstep by counsel may be decisive in the outcome.

791

Diane argues that the purpose of the statute of limitations is to ensure that the defendant has timely notice of a claim so that he or she may investigate and defend against it. She argues that because her negligence claim against General Casualty is essentially the same as the claim Muranyi brought within the statutory period, General Casualty had notice that it would be subject to a negligence suit, and that such notice negates its ability to raise the statute of limitations defense against her claim.[3] We disagree.

Statutes of limitations serve a much different purpose than simply providing notice and repose. We have held as follows regarding the effect statutes of limitations have on a claim:

However, Diane has not established how Wisconsin's approach to pleadings differs from the federal approach. Both jurisdictions embrace notice pleading and reject the approach that pleading is a game of skill and manipulation. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962); *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

[3] Throughout her brief, Diane relies on *Korkow v. General Cas. Co.*, 117 Wis. 2d 187, 344 N.W.2d 108 (1984), to support her assertion that her claim against General Casualty is not time barred. We conclude that this reliance is misplaced because *Korkow* involved a relation-back amendment under § 802.09(3), STATS. Relation-back amendments require factors that did not exist in this case, *i.e.*, General Casualty must have had notice based on the original pleading that Diane was going to sue it and assert her husband's negligence. In her initial complaint, Diane alleged that her husband was driving in the usual and ordinary manner. Her next claim asserted that her husband was negligent. These are completely different causes of action. Moreover, they are being brought against two unrelated defendants, and General Casualty had no notice that Diane would sue it. Because the factors for a relation-back amendment are not met, we conclude that the *Korkow* case offers little guidance.

In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose. The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right and it is a right which enjoys constitutional protection.

*Kohnke v. St. Paul Fire & Marine Ins. Co.*, 140 Wis. 2d 80, 85, 410 N.W.2d 585, 587 (Ct. App. 1987), *aff'd*, 144 Wis. 2d 352, 424 N.W.2d 191 (1988) (quoting *Maryland Cas. Co. v. Beleznay*, 245 Wis. 390, 393, 14 N.W.2d 177, 179 (1944)). Therefore, we reject Diane's argument equating notice with statute of limitation tolling.

## CONCLUSION

■
Diane's suit against General Casualty was filed after the statute of limitations had expired. The fact that Muranyi filed a similar suit against General Casualty within the statutory period does not extend the statutory period for others to file similar suits. Accordingly, we affirm.

*By the Court.*—Order affirmed.