Douglas Barnes and Jeffrey P. McCarthy, Plaintiffs-Appellants,

Wisconsin Department of Justice, Involuntary-Plaintiff,

Stephanie L. Davey, Plaintiff,

v.

WISCO Hotel Group, Comfort Suites of Oak Creek and Transcontinental Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 2008AP1884. Submitted on briefs February 5, 2009.
—Decided April 21, 2009.*

2009 WI App 72

(Also reported in 767 N.W.2d 352.)

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Paul E. Bucher* of *Gatzke & Ruppelt, S.C.* of New Berlin.

On behalf of the defendants-respondents, the cause was submitted on the brief of *David J. Farley* and *Joshua B. Cronin* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. BRENNAN, J. Douglas Barnes and Jeffrey P. McCarthy (Barnes/McCarthy) appeal from an order dismissing them from the lawsuit Stephanie L. Davey filed against WISCO Hotel Group, Comfort Suites of Oak Creek and Transcontinental Insurance Company ("WISCO"). Barnes/McCarthy argue that the trial court should have allowed the amended complaint to add them as additional plaintiffs because their claims "relate back" to the original complaint under WIS. STAT. § 802.09(3) (2007–08)[1] and because the statute of limitations was tolled under WIS. STAT. § 893.13(2). Because the trial court did not erroneously exercise its discretion in dismissing the plaintiffs added in the amended complaint, and because § 893.13(2) does not operate to toll the statute of limitations as to Barnes/McCarthy, we affirm.

BACKGROUND

¶ 2. This case arises from the shooting that occurred at the Comfort Suites hotel in Oak Creek on November 5, 2004. Gregg Phillips killed two people and injured two others when he went on a shooting rampage on the third floor of the hotel during the middle of the night.

¶ 3. On October 12, 2007, Davey, who was shot during the rampage, filed a civil suit against WISCO.

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

The complaint alleged that Phillips fired a shot through Davey's closed hotel room door, striking her in the chest resulting in "significant internal injuries, including damage to her lung and liver." The complaint set forth two causes of action: negligence and violation of the safe place statute. The statute of limitations as to any other claimants expired on November 5, 2007.

¶ 4. On February 15, 2008, Davey filed an amended complaint adding new plaintiffs, Barnes/McCarthy, and involuntary plaintiff, Wisconsin Department of Justice (DOJ). The only difference between the original and amended complaint was that the latter set forth the factual circumstances regarding Barnes's and McCarthy's involvement during Phillips's shooting rampage. Barnes and McCarthy were both staying in hotel rooms at the Comfort Suites on the night of the shooting. Phillips held McCarthy hostage in McCarthy's room for two hours, often at gunpoint, but did not shoot him. McCarthy alleges in the amended complaint that he suffers from sleep disorders as a result of the ordeal. Barnes was shot in the chest and left bicep, resulting in "injuries, including a broken rib, punctured lung, pain and suffering, numbness and other significant medical issues."

¶ 5. On March 7, 2008, WISCO filed a motion to dismiss the newly-added plaintiffs, Barnes/McCarthy, and involuntary plaintiff, DOJ, on the grounds that the statute of limitations barred their action against WISCO. After full briefing and oral arguments from the parties, the trial court granted the motion and dismissed the newly added plaintiffs from the lawsuit. The trial court ruled that the original complaint failed to give sufficient notice to invoke the relation-back statute. An order to that effect was entered on July 8, 2008. Barnes/McCarthy now appeal from that order.

## DISCUSSION

## I. Did the trial court erroneously exercise its discretion when it ruled that the Barnes/McCarthy complaint did not relate back to Davey's original complaint?

¶ 6. Barnes/McCarthy contend that the original complaint provided sufficient notice to WISCO of the claims against them. Accordingly, they argue that the amended complaint was not barred by the statute of limitations because it "relates back" to the original complaint under WIS. STAT. § 802.09(3). Barnes/McCarthy cite *Korkow v. General Casualty Co. of Wisconsin*, 117 Wis. 2d 187, 344 N.W.2d 108 (1984) in support of their claim. WISCO responds that the amended complaint does not relate back to the original complaint because it did not provide notice that Barnes/McCarthy would be filing claims against it. WISCO cites *Strassman v. Muranyi*, 225 Wis. 2d 784, 594 N.W.2d 398 (Ct. App. 1999), and *Biggart v. Barstad*, 182 Wis. 2d 421, 513 N.W.2d 681 (Ct. App. 1994), in support of its claim. The trial court found that the original complaint did not provide sufficient notice for the relation-back statute to apply, and allowing the amendment here would "be abrogating the statute of limitations in a way that there is simply no authority in Wisconsin law to do." We affirm.

■

¶ 7. This case comes to us following the trial court's ruling to dismiss the newly added plaintiffs in the amended complaint on the basis that the original complaint failed to satisfy the notice requirements of the relation-back statute, WIS. STAT. § 802.09(3). In general, we review the trial court's decision on whether the amendment satisfies the requirements set forth in

the relation-back statute under the erroneous exercise of discretion standard. *See Thom v. OneBeacon Ins. Co.*, 2007 WI App 123, ¶ 8 n.5, 300 Wis. 2d 607, 731 N.W.2d 657. We will uphold the trial court's ruling as long as it considered the pertinent facts, applied the correct law and reached a reasonable determination. *See Grothe v. Valley Coatings, Inc.*, 2000 WI App 240, ¶ 12, 239 Wis. 2d 406, 620 N.W.2d 463.

¶ 8. WISCONSIN STAT. § 802.09(3) provides:

RELATION BACK OF AMENDMENTS. If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

Although this statute, by its language, most often will be utilized when amending the complaint to add defendants, it has been used as the basis for adding a plaintiff after the expiration of the statute of limitations. *See Korkow*, 117 Wis. 2d at 193–97. In *Korkow*, a tavern was damaged extensively due to a fire on November 5, 1979. *Id.* at 190. On April 7, 1980, George Korkow filed suit against General Casualty, who had issued a fire insurance policy to George and his son, Gerald Korkow, as "co-insureds." *Id.* George and his wife, Carol Korkow, had purchased the tavern via a land contract as joint tenants in a tenancy in common with their son, Gerald.

*Id.* at 191 n.5. George and Carol had subsequently assigned their interest in the property to Gerald. *Id.* General Casualty denied liability and asserted the affirmative defense that George did not have an insurable interest in the property. *Id.* at 190.

¶ 9. On December 10, 1980, after the expiration of the one-year statute of limitations, George filed an amended complaint together with a motion seeking permission to amend the complaint adding his son, Gerald, as a plaintiff in the case. *Id.* at 190–91. The trial court allowed the amendment, *id.* at 191, and denied General Casualty's motion to dismiss Gerald's claim, ruling that "the amendment related back to the date of filing of the original complaint . . . ," *id.* at 192. Ultimately, our supreme court held that the requirements of the relation-back statute were satisfied: "there was but one tavern, one fire and one insurance policy with General Casualty." *Id.* at 197.

¶ 10. Barnes/McCarthy rely heavily on *Korkow*. The trial court, however, distinguished *Korkow*, finding that the facts in the instant case are more aligned with *Strassman* and *Biggart*. We conclude that the trial court did not erroneously exercise its discretion in so ruling.

¶ 11. We do not find *Korkow* applicable under the facts pertinent to the instant case. First, *Korkow* was a first-party property damage insurance case, wherein the insurance company defendant had issued a policy, which named both George and his son, Gerald, as "co-insureds." *See id.*, 117 Wis. 2d at 190. Here, the original complaint was a personal injury claim made by Davey against Comfort Suites and its insurer. Second, the plaintiff added in the *Korkow* case was the family member of the originally-named plaintiff, was the owner of the property damaged, and was a named

co-insured under the policy referenced in the original complaint. *Id.* Here, the newly added plaintiffs are not Davey's family members, nor do they have the same injuries she asserted in her original complaint. Thus, adding them to Davey's lawsuit creates additional exposure for WISCO by different claimants with different injuries, which clearly were not presented in the original complaint.

¶ 12. Third, allowing the amendment in *Korkow* did not open the door to potentially unlimited amendments adding plaintiffs so as to ameliorate the protection of the statute of limitations. Here, allowing Barnes/McCarthy to subvert the statute of limitations by simply amending Davey's complaint, clearly infringes on, and runs contrary to, the public policies supporting the statute of limitations. As noted by the trial court, allowing the amendment here would mean that all the victims in the Comfort Suites shooting "could be added pretty much regardless of the statute of limitations." In multiple-victim cases, the statute of limitations would not exist as long as a single victim timely filed a complaint. Clearly, this was not an issue in *Korkow*, nor is it the result contemplated by the laws of this state. Accordingly, we hold that *Korkow* does not control under the facts and circumstances of this case.

¶ 13. Rather, we agree that the trial court properly applied the cases of *Strassman* and *Biggart* in reaching its determination that the amended complaint did not satisfy the requirements of the relation-back statute. From these cases, we discern that in multiple-victim cases, an amendment adding new plaintiffs will relate back to the original complaint only if the original complaint provided the defendant with notice that a particular plaintiff will be making a claim against the

defendant based on the same occurrence set forth in the original complaint. That did not occur here. Barnes and McCarthy experienced different things during the chain of events at the Comfort Suites. They assert separate causes of action against WISCO, which were not asserted in the original complaint, and thus, the relation-back statute does not apply.

¶ 14. In *Strassman*, Diane Strassman was injured in August 1994, when she fell off a golf cart being operated by her husband, Donald. *Id.*, 225 Wis. 2d at 786–87. She timely filed suit against the golf professional, who had rented them the golf cart, and his insurer, Travelers Insurance Company. *Id.* The golf professional then timely filed a third-party claim against Donald and his insurer, General Casualty Company, alleging that Donald's negligent driving of the cart caused Diane's injuries. *Id.* at 787. In October 1997, after the three-year statute of limitations had expired, Diane asserted a negligence claim against General Casualty. *Id.* General Casualty moved for summary judgment on the grounds that Diane's negligence claim against it was barred by the statute of limitations. *Id.* The trial court granted the motion. *Id.* On appeal, Diane argued that her claim against General Casualty was not barred because it was based on the same transaction or occurrence as the golf professional's claim against General Casualty. *Id.* at 786. She argued that General Casualty clearly had notice of the claim because of the golf professional's lawsuit, and her claim was essentially the same; thus, the statute of limitations should not apply. *Id.* at 792. We rejected Diane's contentions, ruling that notice about a lawsuit from a third party does not toll the statute of limitations for another party bringing a completely different cause of action. *Id.* at 792 n.3, 793.

¶ 15. Application of *Strassman* to Barnes/McCarthy's claims here demonstrates that Davey's timely claim against WISCO does not provide sufficient notice. The original complaint provided notice to WISCO of the incident and of Davey's injuries and her claims against it. However, that notice does not operate to toll the statute of limitations for *another party bringing a completely different cause of action.* Barnes/McCarthy suggest that their cause of action is not *different* because it is based on the same transaction or occurrence—the Phillips shooting rampage. We are not persuaded that the same general incident in a multiple-victim case satisfies the requirements of the relation-back statute when new plaintiffs attempt to join the action after the statute of limitations has run. Barnes and McCarthy had completely different interactions with Phillips than Davey did. The facts pertinent to Barnes/McCarthy were separate discreet occurrences. Thus, despite the fact that Barnes/McCarthy were making the same *legal* claims against WISCO—negligence and violation of the safe place statute—that does not give WISCO sufficient notice as to the specific factual occurrences with respect to the additional victims *or* any notice that these victims would even be making a claim for their injuries.

¶ 16. The *Biggart* case involved a three-vehicle collision. *Id.*, 182 Wis. 2d at 425–26. Duane Cormican, while driving his car, collided with a milk truck driven by Michael Barstad and owned by Bernard Obermueller. *Id.* at 425. American Family, coincidentally, insured both Cormican and Barstad/Obermueller. *Id.* at 425–26. Brian Biggart, who was driving his pickup truck, then collided with the milk truck. *Id.* The Biggart family timely filed a complaint against Barstad and his insurer, American Family. *Id.* at 426. The complaint did

not mention Cormican or Obermueller. *Id.* After the statute of limitations had run, the Biggarts filed an amended complaint adding allegations of negligence by Cormican and Obermueller. *Id.* The amended complaint did not name them as party defendants, but instead asserted that American Family was liable for their negligence under the insurance policies it had issued to both. *Id.*

¶ 17. We held that the Biggarts' claim asserting Cormican's negligence did not relate back to the original complaint despite the presence of American Family as the common insurer because nothing in the original complaint provided notice to American Family that a claim was being alleged against Cormican or under his insurance policy via the direct action statute. *Id.* at 430–31. "We reject the argument that anytime an insurer receives a complaint alleging that it is liable for the negligence of one insured it is, as a matter of law, put on notice of separate claims against it for the negligence of other insureds covered under different policies who happen to also have been involved in the same accident." *Id.* at 431. However, we allowed the amendment with respect to Obermueller's negligence because he was insured under the same policy as Barstad. *Id.* at 433–34. In effect, Obermueller was already involved in the legal action as the owner of the milk truck. "The original complaint placed American Family on notice that it would be liable for injuries caused by the *insured vehicle*." *Id.* at 433 (emphasis added). In other words, American Family had been put on notice in the original complaint that a claim was being made under the insurance policy covering *that vehicle*. The original complaint asserted the driver's negligence under that American Family insurance policy and the amended complaint alleged the vehicle's

owner's negligence under the same policy. *Id.* Thus, we concluded that the amendment related back to the original complaint as to Obermueller. *Id.* at 434–35. American Family was already defending the claim under that policy.

¶ 18. In applying *Biggart* to the instant case, we must determine whether the original complaint provided notice to WISCO that Barnes/McCarthy would be asserting claims arising out of the shooting rampage at the Comfort Suites or whether they were already involved in the legal action. We have reviewed Davey's original complaint. Although it provides a substantial amount of factual detail as to what occurred on the night of the shooting, McCarthy was never mentioned. The first time WISCO learns that McCarthy was making a claim and alleging injuries arising from Phillips's shooting rampage comes in the amended complaint filed after the statute of limitations had run. Clearly, no argument can be made that McCarthy's claim relates back to the timely-filed original complaint. The original complaint gave no notice that McCarthy was asserting a legal claim or was otherwise already involved in a legal claim against WISCO. *See LeMasters v. K-Mart, Inc.*, 712 F. Supp. 518, 520 (E.D. La. 1989) (citing *Pappion v. Dow Chem. Co.*, 627 F. Supp. 1576, 1581 (W.D. La. 1986), requiring that "the additional plaintiff must have in some manner already been involved in the action, so that the defendant was on notice that it was in effect already defending the action against the new plaintiff who seeks to be added by the late amendment") (ellipsis omitted).

¶ 19. With respect to Barnes, he was mentioned in the original complaint three times. At paragraph 16, the complaint alleged: "The discharge of Phillips' firearm resulted in the deaths of Sandra Wisniewski and Anton

Uebelhoer and caused significant injuries to your Plaintiff and Douglas Barnes." At paragraph 26, the complaint alleged in part: "Phillips then shot and attempted to kill an individual identified as Douglas Barnes, who was occupying room 3016." At paragraph 54, the complaint alleged:

> On April 28, 2005, in Milwaukee County Circuit Court case number 04CF5936, Gregg P. Phillips was convicted of numerous criminal acts including two counts of first degree intentional homicide, one count of first degree reckless injury for the shooting of your Plaintiff, as well as one count of attempted first degree intentional homicide of Douglas Barnes and numerous other criminal counts.

¶ 20. These references to Barnes provide notice that Barnes was injured. They do not in any way suggest that Barnes was making a legal claim against WISCO for his injuries, and therefore cannot be construed as fair notice to WISCO of Barnes's claim. The three passing references simply exist to make the story complete. The same is true for the original complaint's references to other individuals present in the hotel: Jose Ruiz, Sandra Wisniewski, Anton Uebelhoer, John Clemins, and the other guests, who were opening their hotel room doors to see what was going on. The complaint refers to these people for the sake of telling the complete story, and cannot suffice to satisfy the relation-back statute requirements. Each of these individuals had three years to file suit against WISCO. None of them did. The fact that Davey brought an action against WISCO within the statutory time period does not eliminate the statute of limitations for Barnes/McCarthy or any other individuals referenced in Davey's complaint.

¶ 21. Based on the foregoing, we conclude that the trial court considered the pertinent facts, applied the correct law, and reached a reasonable determination. The amended complaint adding Barnes/McCarthy does not relate back to the original complaint because the original complaint did not provide WISCO with sufficient notice that Barnes/McCarthy would be making legal claims against it for injuries sustained during the shooting rampage at the Comfort Suites.

## II. Did WIS. STAT. § 893.13(2) toll the statute of limitations when Davey commenced an action against WISCO?

¶ 22. Barnes/McCarthy argue that WIS. STAT. § 893.13(2) tolled the running of the statute of limitations when Davey timely filed her complaint against WISCO. WISCO responds that § 893.13(2) only tolls the running of the statute with respect to Davey. We agree with WISCO.

¶ 23. Interpretation of a statute is a question of law we review *de novo*. *Strassman*, 225 Wis. 2d at 788. When interpreting a statute, we discern the intent of the legislature and start with the plain language of the statute. *Id.* at 789. If the statutory language is clear and unambiguous, we apply the plain language as written, and that ends our analysis. *See Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 365, 597 N.W.2d 687 (1999).

██

¶ 24. WISCONSIN STAT. § 893.13(2) provides:

A law limiting the time for commencement of an action is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies. The law limiting the time for com-

550

mencement of the action is tolled for the period from the commencement of the action until the final disposition of the action.

The statutory language is plain and unambiguous: the statute of limitations is tolled "to enforce the cause of action to which the period of limitation applies." Thus, the action commenced by Davey tolled the statute of limitations to enforce *Davey's* cause of action. The purpose of the statute is to protect a timely filed claim, which is dismissed on procedural grounds or is heard on appeal. *Johnson v. County of Crawford*, 195 Wis. 2d 374, 383–84, 536 N.W.2d 167 (Ct. App. 1995); *Colby v. Columbia County*, 192 Wis. 2d 397, 401–02, 531 N.W.2d 404 (Ct. App. 1995), *aff'd*, 202 Wis. 2d 342, 550 N.W.2d 124 (1996). Thus, § 893.13(2) protects Davey because she filed her claim before the statute of limitations expired.

■

¶ 25. WISCONSIN STAT. § 893.13(2) cannot be interpreted to protect others who failed to timely file a claim and simply want to avoid application of the statute of limitations by piggy-backing on the complaint of someone who timely asserted their rights. If we were to interpret this statute to mean that Davey's timely lawsuit tolled the statute of limitations as to *all other individuals* present at the Comfort Suites on the night of the shooting rampage, we would abrogate the statute of limitations. Such an interpretation would lead to absurd results and render meaningless the statute of limitations in multiple-victim cases. We note that Barnes/McCarthy did not file a reply brief to refute the arguments made by WISCO. We take this failure to reply as a concession that § 893.13(2) does not toll the statute of limitations for Barnes/McCarthy. *See Charo-*

*lais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (that which is not refuted is deemed conceded).

*By the Court.*—Order affirmed.