IN RE the ESTATE OF Frances V. WOLF:

Shirley A. WOLF, Appellant,

v.

ESTATE OF Frances V. WOLF, Sue L. Colburn, Esq.,
Personal Representative and Frances V. Engle,
Respondents.

Court of Appeals

*No. 2009AP781. Submitted on briefs October 6, 2009.
—Decided November 17, 2009.*

2009 WI App 183

(Also reported in 777 N.W.2d 119.)

On behalf of the appellant, the cause was submitted on the briefs of *Donald J. Murn* and *Michelle E. Martin* of *Murn & Martin, S.C.*, of Waukesha.

On behalf of respondent Sue L. Colburn, the cause was submitted on the brief of *Sue L. Colburn*, of Milwaukee.

On behalf of respondent Frances V. Engle, the cause was submitted on the brief of *John M. Bruce*, of *Schober, Schober & Mitchell*, of New Berlin.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. CURLEY, P.J. Shirley A. Wolf appeals from an order denying her attorney fees as the named personal representative and proponent of the will of Frances V. Wolf (the Estate, unless otherwise specified).[1] We conclude that the applicable statutory language is clear

---

[1] Shirley Wolf is the daughter-in-law of Frances Wolf. Shirley Wolf's husband, who was Frances Wolf's son, predeceased Frances Wolf. Frances V. Engle is the daughter of Frances Wolf.

that there is no prevailing party and no appealable contested matter where a will contest results in settlement; as such, the trial court properly denied Shirley Wolf's claim for attorney fees. *See* WIS. STAT. § 879.37 (2007–08).[2] Consequently, we affirm.[3]

---

Throughout this opinion, we reference these individuals by their full names to avoid confusion.

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[3] On appeal, Shirley Wolf contends that she is entitled to recover both her attorney fees, pursuant to WIS. STAT. § 879.37, and her costs, pursuant to WIS. STAT. §§ 879.33 and 879.35. Frances Engle contends that the issue of costs under §§ 879.33 and 879.35 is being raised by Shirley Wolf for the first time on appeal, to which Shirley Wolf offers no reply.

Our review of the record reveals that although the subsequently appointed personal representative's petition seeks authorization for payment of attorney fees with no mention of costs, the documentation submitted in support of the petition by Shirley Wolf's lawyers included an itemization of costs. These were nominal in relation to the attorney fees sought, which may explain why the issue of costs pursuant to WIS. STAT. §§ 879.33 and 879.35 was not specifically addressed by the trial court in either its statements made during the hearing on the petition or in its order. Moreover, based on our review of the record, it appears that Shirley Wolf's attorneys made no specific mention or argument related to the issue of costs during the motion hearing. *See Tam v. Luk*, 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158 (Ct. App. 1990) (it is a party's obligation to provide record cites in the appellate brief and this court is not obligated to search the record when none are provided).

Due to Shirley Wolf's failure to respond to Frances Engle's argument that the issue of costs was not raised below, in this opinion, we focus exclusively on Shirley Wolf's request for attorney fees. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (We may treat as a concession a proposition asserted in a response brief and not disputed in the reply brief.). However, in doing so, we note that our conclusion

678

## I. Background.

¶ 2. This appeal arises out of a contest over the will of Frances Wolf. Shirley Wolf, who was the named personal representative, submitted the will to probate. Frances Engle contested the will, arguing that it was created under undue influence. Shirley Wolf then retained counsel to defend the validity of the will.

¶ 3. The parties eventually settled. Pursuant to the stipulated settlement, Attorney Sue L. Colburn was appointed personal representative of the Estate in Shirley Wolf's place.[4] The settlement further provided that Shirley Wolf would assign $32,500 from her share of the Estate to Frances Engle and, if Shirley Wolf's share was less than that amount, she agreed to pay Frances Engle the remaining balance within thirty days after the filing of the final account. The stipulated settlement made clear that Frances Engle would receive her mother's, Frances Wolf's, wedding rings. Frances Engle withdrew her objection to the will, and it was admitted into probate. There was no language in

that there is no prevailing party and no appealable contested matter where a will contest results in settlement, which precludes Shirley Wolf from recovering attorney fees under Wis. Stat. § 879.37, likewise would have precluded her from recovering costs under Wis. Stat. § 879.33 as this statute also depends on there being a prevailing party and an appealable contested matter. *See id.* ("[c]osts may be allowed in all appealable contested matters in court to the prevailing party, to be paid by the losing party or out of the estate as justice may require"). A brief discussion of why Shirley Wolf's argument fails as it relates to Wis. Stat. § 879.35 is set forth *infra* in ¶¶ 11–12.

[4] Attorney Sue Colburn and Frances Engle filed separate response briefs.

the settlement agreement entitling either Shirley Wolf or Frances Engle to payment of their attorney fees from the Estate.

¶ 4. Notwithstanding, Shirley Wolf subsequently sought to recover her attorney fees from the Estate. She submitted an itemization of her attorney fees and costs to Colburn, who filed a petition for approval and authorization of payment of attorney fees. The trial court denied the petition based on its conclusion that a settlement is not an appealable contested matter from which prevailing parties can be determined. The trial court went on to state:

> Note that the statute [i.e., Wis. Stat. § 879.37] says "may" not "shall". [sic] So even if I found if we did have a prevailing party in an appealable contested matter, I still wouldn't have to award attorney's fees. But for the language "in all appealable contested matters" I would award attorney's fees in this case. I would exercise my discretion and do so, because I think the lawyers did achieve a wonderful result in this particular case via settlement. But I'm bound by the legislature's enactment of [§] 879.37, and the settlement here took the issue of attorney's fees to be paid by the [E]state out of the picture.
>
> In essence under these circumstances because the legislature doesn't provide the court the authority to award attorney's fees where there is a settlement, in essence the legislature is saying under these circumstances if you want to play, you have to pay yourself.
>
> So it is with a large degree of reluctance, but nonetheless I'm required to deny the request for attorney's fees because [Wis. Stat. §] 879.37 does not provide this court with the authority to exercise its discretion and the American rule under these circumstances prevails.

680

## II. Analysis.

*There is no prevailing party and no appealable contested matter where a will contest results in settlement.*

¶ 5. Shirley Wolf argues that she can recover attorney fees from the Estate under WIS. STAT. § 879.37. We determine whether a party is entitled to attorney fees under this statute by employing a mixed standard of review:

> First, the court must decide whether the party seeking reimbursement of attorney fees is a prevailing party. This decision involves the application of facts to a particular legal standard, which is a conclusion of law that we review independently. If the court concludes that the party is a prevailing party, then the court may, but need not, award attorney fees. This decision calls for an exercise of discretion. We affirm a trial court's discretionary decision if the court applied the correct law to the relevant facts and reasoned its way to a reasonable conclusion.

*Estate of Wheeler v. Franco*, 2002 WI App 190, ¶ 6, 256 Wis. 2d 757, 649 N.W.2d 711 (citations omitted).

¶ 6. The first step in our analysis is to determine whether Shirley Wolf is a prevailing party. Statutory construction is a question of law subject to our *de novo* review. *State v. Cole*, 2000 WI App 52, ¶ 3, 233 Wis. 2d 577, 608 N.W.2d 432. In construing a statute, we look first to the language of the statute itself. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. When the statutory language is clear and unambiguous, we do not look beyond the plain words. *Id.*

¶ 7. Wisconsin Stat. § 879.37 states, in pertinent part, that "[r]easonable attorney fees may be awarded out of the estate to the prevailing party in all appealable contested matters . . . ."[5] A party is deemed to have prevailed " 'if he or she succeeds on any significant issue in litigation which achieves some of the benefit sought by bringing suit.' " *Estate of Wheeler*, 256 Wis. 2d 757, ¶ 7 (citation omitted).

¶ 8. Shirley Wolf argues, without the support of legal authority, that "[t]he prevailing parties are determinable by the settlement terms." She contends that because the will she sought to have admitted was, in fact, ultimately admitted to probate, notwithstanding that she gave up acting as personal representative and made other concessions, she prevailed. Shirley Wolf likens herself to the personal representative in *Estate of Wheeler*, arguing that she "successfully secured the Estate's assets by (1) securing the validity of the [w]ill against Frances Engle's objection, and (2) forcing a settlement with Frances Engle for amounts that are entirely outside of the probate Estate."

¶ 9. In *Estate of Wheeler*, we upheld an award of attorney fees to objectors to a $20,000 claim filed against the estate for goods and services rendered to the decedent. *Id.*, 256 Wis. 2d 757, ¶¶ 1–2. The objectors

---

[5] In its entirety, Wis. Stat. § 879.37 provides:

**Attorney fees in contests.** Reasonable attorney fees may be awarded out of the estate to the prevailing party in all appealable contested matters, to an unsuccessful proponent of a will if the unsuccessful proponent is named in the will to act as personal representative and propounded the document in good faith, and to the unsuccessful contestant of a will if the unsuccessful contestant is named to act as personal representative in another document propounded by the unsuccessful contestant in good faith as the last will of the decedent.

subsequently refused to consent to a settlement for "not more than $13,000," and the matter proceeded to trial where an award of approximately $9800 followed. *Id.*, ¶¶ 2–3. Despite the estate's objection, the objectors then sought reimbursement from the estate as prevailing parties under WIS. STAT. § 879.37. *Estate of Wheeler*, 256 Wis. 2d 757, ¶ 4. In allowing them to recover their attorney fees, we concluded: "[The objectors] objected to settlement in the range of $13,000 and succeeded at trial in winnowing down the award to less than half of the original claim. Thus, they achieved a significant benefit by maintaining their objection and are prevailing parties under the statute." *Id.*, ¶ 8. The fact that the personal representative was also awarded his fees did not change the analysis, based on our conclusion that both the estate and the objectors "were united in defeating the claim." *Id.*, ¶ 9.

¶ 10. Shirley Wolf's reliance on *Estate of Wheeler*, where our focus was on whether the objectors to a claim filed against an estate were prevailing parties, is misplaced. That case is distinguishable insofar as it involved a trial, whereas here, we are addressing whether attorney fees can be awarded following a settlement. Settlement resolves a contested matter through compromise without the need for a court to resolve the merits of the dispute.[6] What happened here, Frances Engle points out, is that "[Shirley Wolf] agreed as part of the settle-

---

[6] *See* 15A AM. JUR. 2D *Compromise and Settlement* § 1 (2d ed. 2000):

> A "compromise" or "settlement agreement" is an agreement to terminate, by means of mutual concessions, a claim which is disputed in good faith or unliquidated. It is an amicable method of settling or resolving bona fide differences or uncertainties and is designed to prevent or put an end to litigation. It involves an agreement that a substituted performance is acceptable instead of

ment that Ms. Colburn would be Personal Representative, and that Ms. Engle would receive the share of the Estate reserved for [Shirley Wolf] under the [w]ill."[7] In the absence of a court's final determination on the merits of the will contest, we are not persuaded that Shirley Wolf " 'succeed[ed] on [a] significant issue in litigation'." such that she can be deemed a prevailing party. *See Estate of Wheeler*, 256 Wis. 2d 757, ¶ 7 (citation omitted); *cf. Finkenbinder v. State Farm Mut. Auto Ins. Co.*, 215 Wis. 2d 145, 151, 572 N.W.2d 501 (Ct. App. 1997) (explaining that WIS. STAT. ch. 814 "envisions a 'prevailing party' as one who is successful in a litigated trial court proceeding, not one who succeeds in obtaining an award before an arbitrator"); *Thompson v. Beecham*, 72 Wis. 2d 356, 360, 241 N.W.2d 163 (1976) (concluding that a voluntary compromise and settlement of a prior suit was not a favorable termination and as such, a suit for malicious prosecution, a necessary element of which is that prior proceedings must have been terminated in favor of the defendant, could not be maintained). To conclude otherwise would require courts to scrutinize the terms of settlement agreements to determine whether a party can be deemed to have prevailed, which will no doubt be a tricky business given the mutual concessions that are made in achieving settlement. Shirley Wolf offers no legal authority authorizing this type of review.

what was previously claimed to be due; thus, each party yields something and agrees to eliminate both the hope of gaining as much as he previously claimed and the risk of losing as much as the other party previously claimed.

*Id.* (footnotes omitted).

[7] Under the terms of the will, aside from being the named personal representative of the Estate, Shirley Wolf was to receive twenty percent of the residue of the Estate.

¶ 11. As an alternative argument, Shirley Wolf submits that if she is not deemed to be a prevailing a party, "then the only alternative is that she is an unsuccessful proponent. Either she prevailed or she did not." Shirley Wolf relies on the statutory language allowing for awards of attorney fees and costs in this context. *See* Wis. Stat. §§ 879.35 ("Costs may be awarded out of the estate to an unsuccessful proponent of a will if the unsuccessful proponent is named in the will to act as personal representative and propounded the document in good faith . . . ."), 879.37 ("Reasonable attorney fees may be awarded out of the estate . . . to an unsuccessful proponent of a will if the unsuccessful proponent is named in the will to act as personal representative and propounded the document in good faith . . . .").

 

¶ 12. Shirley Wolf's attorney, as Frances Engle concedes, briefly raised this issue below in what amounts to two sentences of the transcript from the hearing: "And the other thing is the statute doesn't require [a] prevailing party anyway. It ultimately allows attorney's fees for not prevailing parties." Shirley Wolf asserts that "the trial court completely overlooked the alternative situation in which to award attorney fees and costs; specifically, whether [Shirley Wolf] was an unsuccessful proponent of the [w]ill acting in good faith." We take this opportunity to point out that during trial court proceedings, "a party must raise and argue an issue with enough prominence to signal to the trial court that it is being called upon to address an issue and make a ruling."[8] *State v. Johnson*, 184 Wis. 2d 324, 345, 516 N.W.2d 463 (Ct. App. 1994); *see also State v. Salter*,

---

[8] We recognize that new arguments may be made relative to an issue raised below, *see Gibson v. Overnite Transp. Co.*, 2003

118 Wis. 2d 67, 78–79, 346 N.W.2d 318 (Ct. App. 1984). Here, the aforementioned remarks were made by one of Shirley Wolf's attorneys, while another of her attorneys argued that Shirley Wolf was the prevailing party.[9] There is no indication that the trial court was put on notice that it was being called upon to address the issue and make a ruling on this alternative argument, which is obvious from its having "overlooked" it. Because Shirley Wolf's alternative argument was not considered in the trial court, we decline to address it on appeal. *See*

WI App 210, ¶ 9, 267 Wis. 2d 429, 671 N.W.2d 388; however, here the issue was insufficiently raised below.

[9] The transcript reads:

MR. MURN [one of Shirley Wolf's attorneys]: In fact, Your Honor—

MR. BODE [another of Shirley Wolf's attorneys]: And the other thing is the statute doesn't require [a] prevailing party anyway. It ultimately allows attorney's fees for not prevailing parties.

MR. MURN: In [*Estate of Wheeler v. Franco*, 2002 WI App 190, 256 Wis. 2d 757, 649 N.W.2d 711], judge, which [Frances Engle's attorney] included in his documents, the court in the discussion of paying a contested beneficiary, in other words two beneficiaries contested a claim and the P.R. [i.e., personal representative] also contested a claim, and the court had the contested beneficiary's attorney's fees paid.

And it clearly states in there that it wouldn't be appropriate not to pay out. And the prevailing party is one who achieves the benefit he or she sought by bringing suit. This is true regardless of whether the estate is ultimately handled and the party assumes the obligation of the personal representative.

So the court in *Wheeler* has determined . . . prevailing parties where a benefit is conferred, and here the will was admitted to probate. So the purpose for the admission of the will and the fighting by . . . Shirley Wolf was to insure that the will was admitted to probate, which ultimately occurred.

(Underlining omitted.)

*Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980) ("It is the often repeated rule in this State that issues not raised or considered in the trial court will not be considered for the first time on appeal."), *superseded on other grounds by statute,* Wis. Stat. § 895.52, *as recognized in Wilson v. Waukesha County,* 157 Wis. 2d 790, 460 N.W.2d 830 (Ct. App. 1990).

¶ 13. As further support for our resolution, we conclude that where a will contest results in settlement, there is no appealable contested matter as that phrase is used in Wis. Stat. § 879.37. The meaning of appealable contested matter is an issue of first impression in Wisconsin. Shirley Wolf asserts: "[T]he Court should look at whether the underlying litigation would be considered an appealable contested matter, not the resulting settlement. Litigation related to a will contest is an appealable contested matter." We are not convinced that the underlying litigation determines whether there is an appealable contested matter for purposes of the statute. *Cf. Finkenbinder*, 215 Wis. 2d at 152 (addressing the argument that costs should have been permitted under Wis. Stat. § 814.01 because the action " 'began as a [trial] court action and ended as one,' " the court concluded, "it is not the beginning and end points of an action that are dispositive; rather, the determining factor is whether the action was the subject of a *litigated* trial court proceeding"). Instead, we conclude that the same problem that plagued Shirley Wolf's argument that she is a prevailing party precludes us from holding that there was an appealable contested matter: the absence of a decision on the merits of the will contest.

¶ 14. Rather than deciding the merits of the instant case, the trial court disposed of a single ancillary

issue: whether Shirley Wolf could recover her attorney fees. According to Shirley Wolf, however, "[t]his action was ultimately resolved by the court because the court was obligated to approve or disallow the settlement." Consequently, Shirley Wolf contends that the court "dispose[d] of the entire matter in litigation" as to all parties when it approved the settlement and ruled on the issue of attorney fees. *See* WIS. STAT. § 808.03(1) (providing that "[a] final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals" and that "[a] final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties"). To support her argument that an appealable contested matter can result in situations other than those involving a trial, Shirley Wolf points out that "an order entering a settlement is appealable by an aggrieved party," citing *Kiser v. Jungbacker*, 2008 WI App 88, 312 Wis. 2d 621, 754 N.W.2d 180, and *Lassa v. Rongstad*, 2006 WI 105, 294 Wis. 2d 187, 718 N.W.2d 673. We are not persuaded by her analysis.

¶ 15. Even if the order approving settlement in this matter was an appealable order, it would only bring before us the issue of whether the trial court properly exercised its discretion in approving the settlement. *See generally Green v. Advance Finishing Tech., Inc.*, 2005 WI App 70, ¶ 12, 280 Wis. 2d 743, 695 N.W.2d 856 ("We will affirm a [trial] court's approval of a settlement if it examines the relevant facts, applies a proper legal standard and uses a demonstrated rational process to reach a reasonable conclusion."). The merits of the will contest were not addressed due to the settlement, which removed the contested matters from the court's consideration. Because the trial court was not asked to resolve the merits of the will contest, no final judgment

or final order was entered to give rise to an appealable contested matter for purposes of WIS. STAT. § 879.37.

¶ 16. We conclude that the plain language of the statutes prohibits an award of attorney fees given that there is neither a prevailing party nor an appealable contested matter. Had the legislature intended attorney fees to be recoverable where a will contest results in settlement, it could easily have so provided. *See Brauneis v. LIRC*, 2000 WI 69, ¶ 27, 236 Wis. 2d 27, 612 N.W.2d 635 ("We should not read into the statute language that the legislature did not put in."); *Kluenker v. DOT*, 109 Wis. 2d 602, 606, 327 N.W.2d 145 (Ct. App. 1982) ("We cannot assume the legislature intended attorney's fees [to] be recoverable in circumstances other than those expressly mentioned."), *abrogated in part on other grounds by Standard Theatres, Inc. v. DOT*, 118 Wis. 2d 730, 349 N.W.2d 661 (1984). Moreover, the settlement agreement Shirley Wolf agreed to could have, but did not, address the issue of her attorney fees. Consequently, denying Shirley Wolf's request for attorney fees is in accord with the general rule in Wisconsin, i.e., the American Rule, which prohibits her recovery of attorney fees in the absence of a statute or agreement providing for them. *See Kremers-Urban Co. v. American Employers Ins. Co.*, 119 Wis. 2d 722, 744, 351 N.W.2d 156 (1984) ("The general rule, known as the American rule, is that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor. Each party to a lawsuit, under this theory, should bear its own costs of litigation.").

¶ 17. In light of our determination that the clear and unambiguous language of WIS. STAT. § 879.37 does not apply to the circumstances presented, we need not address Shirley Wolf's argument that it is in the interest

of public policy to allow attorney fees in a probate matter where there is a settlement. *See Barnes v. WISCO Hotel Group*, 2009 WI App 72, ¶ 23, 318 Wis. 2d 537, 767 N.W.2d 352 ("If the statutory language is clear and unambiguous, we apply the plain language as written, and that ends our analysis."); *cf. Johnson v. Johnson*, 157 Wis. 2d 490, 501, 460 N.W.2d 166 (Ct. App. 1990) ("As such, by its clear language, [WIS. STAT. §] 767.458(1m) is inapplicable, and we cannot reach the public policy or legislative intent arguments advanced.").

*By the Court.*—Order affirmed.