Keith J. Johnson, Alf R. Johnson and
Dolores R. Johnson, Plaintiffs-Appellants,

v.

Washburn County and Town of Spooner,
Defendants-Respondents,

Washburn County Board of Supervisors
and Spooner Town Board, Defendants.

Court of Appeals

No. 2009AP371. Submitted on briefs September 22, 2009.
—Decided February 17, 2010.

2010 WI App 50

(Also reported in 781 N.W.2d 706.)

366

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Donald L. Hoeft* and *Korine L. Land* of *Levander, Gillen & Miller, PA* of South St. Paul, MN.

On behalf of the defendants-respondents, the cause was submitted on the joint brief of *Jeffrey R. Kohler* for Washburn County, and *Andrew S. Lawton* for Town of Spooner, both of Spooner.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Keith Johnson, Alf Johnson and Dolores Johnson (collectively, the Johnsons) appeal a summary judgment in favor of Washburn County and the Town of Spooner. The Johnsons argue the Town did not properly disapprove of the Johnsons' rezoning application because it did not file a certified copy of a town board resolution with the County as required by WIS. STAT. § 59.69(5)(e)3.[1] We agree the document filed with the County was not a certified copy of a town board resolution and therefore we reverse the judgment.

## BACKGROUND

¶ 2. The Johnsons own property located in the Town of Spooner in Washburn County. On June 26, 2007, they filed a rezoning petition with Washburn County seeking to change their property's zoning classification from forestry to planned unit development. The County zoning administrator sent notice of the Johnsons' rezoning petition to the Town and requested the town board recommend whether to approve or deny the petition. If the Town disapproved of the petition, its recommendation was to be made by filing a "certified

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

copy of [a] resolution adopted by the [town] board" pursuant to WIS. STAT. § 59.69(5)(e)3.[2]

¶ 3.  The County zoning division sought the Town's recommendation on a two-page form developed by it for that purpose. The form was addressed to the members of the town board and requested its "cooperation in stating your reasons or comments as to why this request should be either approved or denied." The zoning division provided a specific description of the property affected. The form included blank lines for the Town's recommendation, the reasons for its action, and the signatures of the town chairman, supervisors, and clerk.

¶ 4.  The Town's completed form does not indicate a resolution on the matter was introduced or passed. The Town wrote the word "denial" in the space for its recommendation, and left blank the line requesting the reasons for its decision. The form is signed by the town chairman and two supervisors, and countersigned by the town clerk. It does not indicate the time or location of a hearing on the matter, but the town clerk dated the document July 10, 2007.[3]

---

[2] Wisconsin Stat. § 59.69(5)(e)3. provides that "if a town affected by the proposed amendment disapproves of the proposed amendment, the town board of the town may file a certified copy of the resolution adopted by the board disapproving of the petition with the agency before, at or within 10 days after the public hearing." If the town board files such a resolution, "the [county zoning] agency may not recommend approval of the petition without change, but may only recommend approval with change or recommend disapproval [to the county board of supervisors]." *Id.*

[3] The form does indicate a hearing was scheduled for August 28, 2007, but that date apparently refers to a hearing scheduled by the County zoning division.

¶ 5. On September 18, 2007, the County approved the rezoning petition and adopted an amendatory ordinance over the Town's objection. The Town responded on October 9, 2007, by passing a formal resolution purporting to disapprove and invalidate the County's amended ordinance. The zoning administrator subsequently informed the Johnsons their land would remain zoned forestry because the Town's action effectively invalidated the ordinance amendment.

¶ 6. The Johnsons filed suit against the Town and County, alleging the process used to disapprove and invalidate the amendatory ordinance violated Wis. Stat. § 59.69. The parties filed cross-motions for summary judgment. Following a hearing, the court rendered an oral decision in which it acknowledged the Town's July 10 denial recommendation was "not a certified copy of a town board resolution. It just isn't. That's not what kind of document it is." Despite this conclusion, the court found "the Town of Spooner's written submission to the zoning committee constitutes . . . proper documentation of a town resolution disapproving the requested zoning change . . . ." The court granted the County and Town's summary judgment motion.

## DISCUSSION

■■

¶ 7. We review a circuit court's grant of summary judgment de novo and independently of the circuit court, but we apply the same methodology and benefit from its analysis.[4] *AccuWeb, Inc. v. Foley & Lardner,*

---

[4] The Town and County devote much of their joint brief to arguing the circuit court did not erroneously exercise its discretion. That a circuit court's decision to grant or deny summary judgment is reviewed de novo has been well-established in

2008 WI 24, ¶ 16, 308 Wis. 2d 258, 746 N.W.2d 447. Summary judgment is appropriate only if there are no genuine issues of material fact, and the moving party, having established a prima facie case, is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). We view summary judgment materials, including pleadings, depositions, answers to interrogatories, and admissions in the light most favorable to the nonmoving party. *AccuWeb, Inc.*, 308 Wis. 2d 258, ¶ 16.

¶ 8.   "The county planning and zoning statute . . . provides towns with a role in the zoning process." *Quinn v. Town of Dodgeville*, 122 Wis. 2d 570, 580, 364 N.W.2d 149 (1985). Under WIS. STAT. § 59.69(5)(e)1., the process for amending a zoning ordinance begins with the filing of a petition for amendment with the county clerk. The clerk must refer the petition to the county zoning agency, which must in turn call a public hearing on the petition and notify the town of its filing. WIS. STAT. §§ 59.69(5)(e)1., (e)2. "[I]f a town affected by the proposed amendment disapproves of the proposed amendment, the town board of the town may file a certified copy of the resolution adopted by the board disapproving of the petition with the [county zoning] agency before, at or within 10 days after the public hearing." WIS. STAT. § 59.69(5)(e)3.

■■

¶ 9.   The question presented is whether the form upon which the Town submitted its July 10 recommendation to the County constitutes a certified copy of a resolution adopted by the town board under WIS. STAT. § 59.69(5)(e)3. We agree with the circuit court it does

Wisconsin law for some time. While we have considered all arguments submitted by the parties, much of the respondents' brief is uninformative as a result of their obvious error.

not. The circuit court's conclusion appears motivated by the Town and County's concession that the recommendation "was not certified as a resolution by the town clerk nor was there a place for such a certification on the form." We must apply statutes as they are written and according to their plain meaning. *Barnes v. WISCO Hotel Group*, 2009 WI App 72, ¶ 23, 318 Wis. 2d 537, 767 N.W.2d 352. If the Town wished to object to the Johnsons' petition, it was required to do so by passing a formal resolution, as it later did when disapproving the County's amendatory ordinance.[5]

¶ 10.    Despite the lack of a valid certified resolution, the circuit court concluded the July 10 document effectively satisfied the statutory elements because it was signed by the town board and clerk and dated. The respondents urge us to accept the circuit court's conclusion by emphasizing the importance of the "town's ability to have a say" in county zoning actions affecting the town. Although the legislature intended the town board "to serve as a political check on the otherwise unfettered discretion of the county board in wielding its legislative zoning power," *Quinn*, 122 Wis. 2d at 581, it prescribed a specific procedure by which towns perform that function, *see* WIS. STAT. § 59.69(5)(e)3. The town board performs its function as a political check only by certifying to the county that its denial was considered at a properly-noticed public meeting at which a resolu-

---

[5] Unlike the Town's July 10 form recommending denial of the Johnsons' petition, the Town's October 9 resolution disapproving the amendatory ordinance bears the following certification by the town clerk:  "I am the keeper of the records for the Town of Spooner and I certify the above to be an exact copy of the original resolution passed by the Town of Spooner Board on the date indicated."

tion was introduced and carried. *See* Wis. Stat. §§ 19.82, 19.83. The clerk's certification is the only assurance the county, zoning division, and town citizens have that the resolution was properly passed at a public meeting. Nothing in the record assures this occurred.

¶ 11.   The Johnsons also claim the Town's October 9, 2007, resolution vetoing the County's amendatory ordinance was irrelevant because the ordinance became effective upon passage under Wis. Stat. § 59.69(5)(e)6. An amendatory ordinance is effective on passage if it "makes only the change sought in the petition and if the petition was not disapproved" by the town board pursuant to Wis. Stat. § 59.69(5)(e)3. Wis. Stat. § 59.69(5)(e)6. The circuit court concluded the amendatory ordinance was not effective on passage because the town board disapproved the petition on July 10. We have concluded the Town's July 10 submission was not a proper disapproval. On remand, the circuit court shall determine whether the amendatory ordinance made only the change sought in the petition pursuant to § 59.69(5)(e)6. If the circuit court concludes it did, the court shall find the amendatory ordinance was effective upon passage and enter summary judgment in favor of the Johnsons.

*By the Court.*—Judgment reversed and cause remanded.